ROBERT L. MARTIN et ux., Appellants, v. PORTER JONES et ux., WILLIAM A. GLADNEY et ux. and CHARLES MARTIN, WILLIAM BRISCOE et al.

ROBERT L. MARTIN et ux., Appellants, v. PORTER JONES et ux., WILLIAM A. GLADNEY et ux. and CHARLES MARTIN, WILIAM BRISCOE et al.; PORTER JONES, Appellant.

### Division Two, March 7, 1921.

1. **CONVEYANCE: Lands Omitted by Mistake.** In a suit in equity to reform and correct a deed, the deed should be reformed to include a tract of land described in the contract of purchase, paid for by the grantee and still owned by the grantor, but omitted from the deed by mutual mistake.

2. ———: **Land Not Owned By Grantor: Recovery: Lien.** In an equity suit to reform and correct a deed, the grantee is entitled to recover from the grantor the reasonable value of a tract described in the contract of purchase and in the warranty deed, paid for by the grantee, but which the grantor did not own, with interest from the date of the deed, and to have said sum declared a lien on land conveyed by the grantee to the grantor as the consideration for the land described in the deed from said grantor.

3. ———: **Land Included by Mistake: Reformation.** A tract of land which the grantor did not own, and which was not described in the contract of purchase, but through mutual mistake was included in the deed, should be excluded therefrom, and the deed so reformed as to exclude it.

4. **JURISDICTION: Adversary Defendants: Quieting Title.** A court of equity, having acquired jurisdiction of the subject-matter and of the parties, will not relax its grasp until it has adjudged all matters of controversy between the adversary defendants concerning any part of such subject-matter. In an equitable proceeding to quiet title the court will not only adjust the adversary claims between plaintiff and the two defendants as to all such tracts, but the adversary claims of one defendant against the other as to one of such tracts.

5. **CONVEYANCE: Breach of Warranty: Proceeding Against Immediate and Remote Grantor: Subrogation.** Gladney took Jones upon the land, pointed out to him the tract he was proposing

Martin v. Jones.

to sell, represented that it contained 180.40 acres, and Jones relied thereon; Gladney made a warranty deed to Jones, which recited that the number of acres was 180.40 more or less, and described that number, but included one tract of 40 acres which Gladney did not own, but had already sold to another party; thereupon, Jones conveyed, by warranty deed, said 180.40 acres to plaintiff, in exchange for another 160 acres. *Held*, that plaintiff had the legal right to sue Gladney direct upon his covenant of warranty to Jones, or to sue Jones upon his covenant of warranty to plaintiff, and to choose to proceed against Jones and recover the reasonable value of the forty acres so omitted, in order that he might have a lien on the 160 acres he had conveyed to Jones as the consideration for the deed; and having joined both Jones and Gladney as defendants, Jones had the right, by cross-bill against Gladney, to be subrogated to the rights of plaintiff, and, by paying to plaintiff the reasonable value of said forty acres, to have judgment against Gladney for the amount thereof.

Appeal from Montgomery Circuit Court.—*Hon. Ernest S. Gantt,* Judge.

REVERSED AND REMANDED (*with directions*).

*Derwood Williams, S. S. Nowlin* and *Pearson & Pearson* for appellants.

(1) When a court of equity, as in the case at bar, acquires jurisdiction of a cause, it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits, by doing full, adequate and complete justice between all the parties. It will not content itself in this regard by any half-way measures. It will not declare that a party has been defrauded of his rights, and then dismiss him with a bland permission to assert at new cost and further delay, those rights in another forum. School Dist. v. Holt, 226 Mo. 415; Keaton v. Spradling, 13 Mo. 324; Woodward v. Matson, 106 Mo. 362; Reyburn v. Mitchell, 106 Mo. 378; Wehrs v. Sullivan, 217 Mo. 179; Bernard v. Keithly, 230 Mo. 223; Waddell v. Frazier, 245 Mo. 402. It will retain jurisdiction to do full and complete justice between all the parties. Corby v. Beane, 44 Mo. 381. And, determine all

question arising in the cause whether of law, or fact. Hagan v. Natl. Bank, 182 Mo. 345; Baker v. McDaniels, 178 Mo. 447. (2) Appellant Martin comes into court, an innocent and injured complainant, with clean hands, ready and willing to do equity. (a) He has complied in every particular with his contract and obligation with Jones; he has made no mistakes. On the record Martin's right to recovery is absolute, notwithstanding Jones's plea for equitable relief to have Martin's deed reformed. Jones admits a breach of the covenants of the warranty in his deed to Martin—unless he is granted some relief, is bound to respond in damages for forty acres of ground, for which Martin paid $30.55 per acre. Allen v. Kennedy, 91 Mo. 324; Langenberger v. Dry Goods Co., 74 App. 12. But, for the defendant Jones's plea of mutual mistake, no evidence could have been heard by the court to vary, contradict or modify the terms of Jones's covenants of warranty, and they were bound to stand. Kellogg v. Maline, 62 Mo. 407; Cantrell v. Crance, 161 Mo. App. 312; Whiteside v. Magruder, 72 Mo. App. 471; 17 Cyc. 620. (b) Jones, in his cross-bill, pleads two mistakes in Martin's deed; both made by himself. One is in his favor; the other is against him. One, that he sold Martin forty acres of ground that he did not have, took his money for it, still has it, and wants to keep it. The other, that he deeded Martin forty acres of ground, that he had no title to, 'and wants the court to reform the deed by ordering it stricken out of said deed, and thereby relieving him of his obligation on his covenants of warranty to Martin, without doing equity to Martin. In other words, he is asking the court to make said deed speak his intentions regardless of whether it speaks Martin's intentions. (c) Under the pleadings, it was proper for Jones to offer evidence of a mistake in the description in the deed; and it was also proper for Martin to offer evidence, showing an express agreement on the part of Jones to convey 180.40 acres by said deed; and that Martin was led, by Jones's state-

Martin v. Jones.

ment, to believe that there was 180.40 acres in the tract he bought, and that Jones's deed properly described that 180.40 acres.   Williamson v. Brown, 195 Mo. 329.   (3) It is not material, whether or not the person making false representations upon which another acts, to his own disadvantage, knows them to be false; the assertion to the injury of another, of something not known to be true, is equally reprehensible, in law as in morals, with the assertion of that known to be false.   Pomeroy v. Benton, 57 Mo. 548; Florida v. Morrison, 44 Mo. App. 538-9.   Jones may not have known, as he claims, that his representations as to the number of acres in the tract were false, yet, if he made them not knowing they were true, he was guilty of a fraud.   Friend v. Jones, 185 S. W. 1160; Buford v. Caldwell, 3 Mo. 479; Caldwell v. Henry, 76 Mo. 259.   (4) Jones cannot have the mistakes made against him corrected, unless he is willing to and offers to correct the mistakes made by the same deed in his favor.   Henderson v. Dicky, 35 Mo. 120; Brocking v. Stewart, 17 Mo. App. 303.   (5) The measure of Martins' relief is that proportion of the purchase money which the value of the land he failed to get, bears to the whole consideration.   Howard v. Hearst, 156 Mo. App. 211; Stead v. Rosier, 157 Mo. App. 309; Evans v. Fulton, 134 Mo. App. 662; Frank v. Oregon, 167 Mo. App. 497.   (6) Martin is also entitled to have the purchase money deficit charged as a vendor's lien, on the one hundred and sixty acres conveyed by him to Jones, as a part of the purchase price of the said 180.40 acres. Johnson v. Burks, 103 Mo. App. 227; Barlow v. Dulaney, 86 Mo. 588; Florida v. Morrison, 44 Mo. App. 534.

*Sutton & Huston* and *Rosenberger & Dowell* for respondent, Porter Jones.

(1)   The right to have reformation in a proper case is as absolute as any other right that a court of equity may be called upon to enforce or protect.   Steward v.

Hadley, 55 Mo. 245; Williamson v. Brown, 195 Mo. 333; Johnson v. Taber, 10 N. Y. 319; Fischer v. Dent, 259 Mo. 91; Collier v. Gault, 234 Mo. 457; Ezell v. Peyton, 134 Mo. 484; Stephens v. Stephens, 183 S. W. 572. (2) A misrepresentation which will be sufficient to defeat equitable relief sought by the person making such misrepresentation must be made as a positive assertion, calculated to convey the impression that the speaker has actual knowledge of its truth, when in fact, he is conscious that he has no such knowledge. Snyder v. Stemmons, 151 Mo. App. 166; Adams v. Barber, 157 Mo. App. 392; Deyer v. Cowden, 168 Mo. App. 660; Ins. Co. v. Carson, 186 Mo. App. 228; Whittiker v. Miller, 188 Mo. App. 415; Peters v. Lohman, 171 Mo. App. 482; Stacey v. Robinson, 184 Mo. App. 61; Glass v. Templeton, 184 Mo. App. 539; Bank v. Hutton, 224 Mo. 70; Stonemets v. Head, 248 Mo. 262; Coal Co. v. Halderman, 254 Mo. 639. (3) The maxim that he who seeks equity must do equity does not invest courts of equity with mere arbitrary discretion to require of the complainant as a condition of the relief to which he is otherwise entitled the performance of conditions not warranted by settled principles of equity jurisprudence. Manternach v. Studt, 240 Ill. 464. (4) The ancient maxim that he who comes into equity must come with clean hands has been applied to various kinds of cases, but it has its limitations. The most important is that the iniquity which prevents the pursuit of an equitable remedy must relate to and be connected with the subject-matter of the equitable relief sought and must arise out of the same transaction, and the misconduct complained of must be so connected with the subject-matter as to affect the equitable relations between the parties. Foster v. Winchester, 92 Ala. 497; Mossler v. Jacobs, 66 Ill. App. 571; Chicago v. Stock Yards Co., 164 Ill. 224; Gas Light Co. v. Coal Tar Co., 65 Md. 73; Wright v. Wright, 51 N. J. Eq. 475; Trice v. Comstock, 121 Fed. 620; Kinner v. Lakeshore Railroad, 69 Ohio St. 344; Stegmann v. Weeks, 214 S. W. 136.

*Frank Howell, William C. Hughes* and *Creech &
Penn* for respondent, William A. Gladney.

(1)   When the equity side of the court obtains
lawful jurisdiction of the person for one purpose, it
may not, in that suit, hold him to answer for another
matter.  Fulton v. Fisher, 239 Mo. 133.  (2) It is in-
cumbent on the plaintiff in a cross-bill to cause the de-
fendant therein to be served with process, summon or
notice of the filing of the cross-action.  5 Ency. Pl. &
Prac. p. 658; 16 Cyc. p. 211; 6 Stand. Proc. p. 288;
Tucker v. Ins. Co., 63 Mo. 595; Fulton v. Fisher, 239
Mo. 133.  (3)  The cross-bill must (1) be germane
to the subject-matter of the petition, and it must (2)
constitute a defense to the cause of action stated in the
petition.  5 Stand. Proc. p. 276; 16 Cyc. p. 331 and 332;
5 Ency. Pl. & Prac. p. 641; Joyce v. Growney, 154 Mo.
265; Mathiason v. St. Louis, 156 Mo. 200; Fulton v.
Fisher, 239 Mo. 136; Wolz v. Venard, 253 Mo. 67.  (4)
That the defendant to a cross-bill answers after the
court has overruled his plea in abatement, does not
preclude him from raising the point on appeal.  The
cross-bill cannot stand on the ground that it will pre-
vent a multiplicity of suits, when it renders the plead-
ings multifarious; nor on the theory that equity hav-
ing gained jurisdiction will carry it until complete
justice is done, when the jurisdiction is extended to
embrace subjects of litigation of a different character
and between different parties.  Fulton v. Fisher, 239
Mo. 134.  (5)  The covenants of seizin and warranty
run with the land, and a conveyance of the land operates
as an assignment of the covenants to the grantee, so
that the chose in action becomes the property of the
grantee, and the grantor has no cause of action against
the prior grantors, for he has assigned the cause of
action to his grantee.  Johnson v. Johnson, 170 Mo.
48; Allen v. Kennedy, 91 Mo. 324; Langenberg v. Heer,
74 Mo. App. 12; Coleman v. Lucksinger, 224 Mo. 17;

Vandoren v. Relfe, 20 Mo. 455; Diggs v. Henson, 163 S. W. 566; Crosley v. Evans, 195 S. W. 516. (6) Jones pursued the wrong course to protect himself against any judgment Martin might have obtained against him for breach of warranty. Instead of filing a cross-bill against Gledney, he could have given Gladney a proper notice, directing him (Gladney) to defend the warranty, and recovered of Gladney attorneys' fees, costs and expenses incurred in defending the warranty, as well as the damages that might have been adjudged. Hazelott v. Woodruff, 150 Mo. 534; Long v. Wheeler, 84 Mo. App. 101; Pineland v. Trust Co., 139 Mo. App. 209; Coleman v. Clark, 80 Mo. App. 339; Quick v. Walker, 125 Mo. App. 257; Mackenzie v. Clement, 144 Mo. App. 114. (7) A reply cannot be used in aid of the petition by introducing for the first time a new cause of action or an additional cause of action, nor to engraft on the petition a material allegation omitted from the petition. 18 Ency. Pl. & Prac. 659, 690, 707, 708; 6 Ency. Pl. & Prac. 463; 7 Stand. Proc. 136, 137; 31 Cyc. 255; Magruder v. Admire, 40 Mo. App. 135; Rhodes v. Land Co., 150 Mo. App. 314; Moss v. Fitch, 212 Mo. 484; Crawford v. Spencer, 36 Mo. App. 82; Stepp v. Livingston, 72 Mo. App. 19; Jackson v. Powell, 110 Mo. App. 252; Hill v. Mining Co., 119 Mo. 30; Steel v. Railroad, 147 S. W. 219; Milliken v. Com. Co., 202 Mo. 654; Simpson v. Land Co., 126 S. W. 1000; Strauch v. Flynn, 108 Minn. 313, 122 N. W. 320. (8) Recovery must be had, if at all, on the cause of action stated in the petition, and not on a new cause stated in the reply. Mathieson v. Railroad, 219 Mo. 542; Moots v. Cope, 147 Mo. App. 76; Schneider v. Patton, 175 Mo. 685; Reed v. Bolt, 100 Mo. 62. (9) A court of equity will reform an instrument, which by reason of a mistake fails to carry into effect the intention of the parties. Leitensdorfer v. Delphy, 15 Mo. 167; Henderson v. Beasley, 137 Mo. 199; Hunter v. Patterson, 142 Mo. 310; Wolz v. Venard, 253 Mo. 67; Sicher v. Rambouseh, 193 Mo. 128; Williamson v. Brown,

195 Mo. 352; Ezell v. Peyton, 134 Mo. 490; Fisher v.
Dent, 259 Mo. 91; Stewart v. Hadley, 55 Mo. 235.   (a)
While the appellate court is not bound by the findings
of the trial court, and it is the duty of the appellate
court to try the issues anew, yet, where there is a con-
flict in the evidence adduced, the appellate court will
defer to the findings of the trial court, for the reason
that the chancellor had a better opportunity to weigh
the testimony, having seen the witnesses and heard their
testimony.   Huffman v. Huffman, 217 Mo. 182; Wad-
dle v. Frazier, 245 Mo. 391; Redding v. Badger,
127 Mo. 625; Johnson v. Stebbins, 177 Mo. 581.   (10)
Jones's cross-bill is not an action upon a warranty as
to the quantity of land, nor is it an action based on an
agreement of Gladney to convey a certain number of
acres of land to Jones, neither does the deed from Glad-
ney to Jones warrant a specific number of acres.   The
statement of the number of acres is a matter of descrip-
tion.   Hendricks v. Vivion, 118 Mo. App. 421; Hobein
v. Frick, 69 Mo. App. 263; Wood v. Murphy, 47 Mo. App.
539; Martin v. Stone, 79 Mo. App. 313; Mires v. Sum-
merville, 85 Mo. App. 183; Freesz v. Butcher, 191 S. W.
66; Lindsay v. Smith, 166 S. W. 820.   (a)   The deed
from Gladney to Jones was a complete contract between
the parties and showed a bulk sale of the land at a price
*in solido* for the entire tract. Hendricks v. Vivion,
118 Mo. App. 423.   (b)   Courts of equity will not aid
parties who neglect to use their judgment and discre-
tion in business transactions.   Bryan v. Hitchcock, 43
Mo. 531.   (11)   The degree of proof of fraud must not
rest on suspicion, but must be supported by a prepon-
derance of the evidence sufficient to reasonably satisfy
the mind, and any reasonable doubt should be resolved
in favor of innocence.   Redpath v. Lawrence, 48 Mo.
App. 27; Gay v. Gilliland, 92 Mo. 250; Bauer v. Sanders,
74 Mo. App. 657; Dallam v. Renshaw, 26 Mo. 533; Hitch-
cock v. Baughan, 36 Mo. App. 216; Bryan v. Hitch-
cock, 43 Mo. 527; Waddingham v. Loker, 44 Mo. 132;

Shinnabarger v. Shelton, 41 Mo. App. 147; Weissenfels v. Cable, 208 Mo. 515.

RAILEY, C.—Plaintiffs, Robert L. Martin and wife, brought this action in the Circuit Court of Lincoln County, Missouri, on July 14, 1917. It was transferred on change to venue to Montgomery County, and tried there. They sought to reform and correct a deed made by Porter Jones and wife to them for certain lands located in Lincoln County. They also sought to reform and correct a deed, in respect to the same land, from Gladney to Jones; and also to reform and correct a deed as to same land from Briscoe to Gladney.

It is alleged, and the undisputed facts disclose, that each of the three deeds above mentioned, through mistake and oversight, failed to convey the southeast quarter of Lot No. 2 of the northeast quarter of Section 4, Township 49, Range 2, east, in Lincoln County, Missouri, which should have been contained therein. Plaintiffs likewise sought to recover from Jones the reasonable value of forty acres of land, which they claim to have bought from Jones and which he failed to convey and deliver to them.

Jones denied plaintiffs' right of recovery, admitted that the above land in Lot 2 should have been inserted in his deed to plaintiffs and, by way of answer to plaintiffs' case, alleged that the land hereafter mentioned in Lot 1 of the northwest quarter of Section 3, contained in his deed to plaintiffs, was inserted therein through mutual mistake, and asks that said deed be corrected so as to exclude said forty acres. The answer of Jones also contained a cross-bill against defendants Gladney, in which he seeks to recover from Gladney the reasonable value of forty acres of land which he claims to have bought from Gladney, and which the latter did not convey and deliver to him.

Gladney answered plaintiffs' case, and admitted that his deed to Jones should contain the southeast quarter

of Lot No. 2 of the northeast quarter of Section 4 afore-
said, which was omitted therefrom through mutual mis-
take.   He also alleged that in his deed to Jones, through
mutual mistake, the west half of Lot 1 of the northwest
quarter of Section 3, Township 49, Range 2, east, was
erroneously inserted therein, and prays for the reforma-
tion of said deed by striking therefrom said forty acre
tract.

The trial court reformed and corrected the respec-
tive deeds from Briscoe to Gladney, from Gladney to
Jones, and from the latter to plaintiffs, so as to have
the same contain the southeast quarter of Lot No. 2 of
the northeast quarter of Section 4 aforesaid.   It was
conceded by all the parties that this correction should be
made.

The trial court allowed a correction of the deed from
Jones to plaintiffs by striking therefrom the forty acres
in Lot 1 aforesaid, and refused to allow plaintiffs any
damages on account of the failure of Jones to convey to
them forty acres which they claim to have purchased
and paid for, but did not get.   From this branch of the
case plaintiffs appealed to this court.

The trial court, in its decree, permitted a correction
of the deed from Gladney to Jones, so as to strike there-
from the forty acres in Lot 1 aforesaid, and refused to
give Jones a judgment against Gladney for forty acres
which he claimed to have bought and paid for, but did
not get.   From this branch of the case, Jones appealed.

The case is pending in this court upon the cross-
appeals of plaintiffs and Jones, as shown by the records
in docket numbers 21,171 and 21,172.   Both cases have
been consolidated, and will be disposed of as a single
case.

In order to avoid repetition, we will consider the
remainder of the case in the opinion.

I.   This is a proceeding in equity, brought by plain-
tiffs against all of the defendants, to quiet and perfect
their title, by the reformation and correction of a deed

from George W. Briscoe and wife to William A. Gladney,
and to reform and correct a deed from Wil-
Lands Omitted   liam A. Gladney and wife to Porter Jones,
by Mistake.
and to reform and correct a deed from
Porter Jones and wife to plaintiffs. In each of the three
deeds just mentioned, the grantors therein intended to
convey, and contracted to convey, to their respective
grantees, the southeast quarter of Lot No. 2 of the
northeast quarter of Section 4, in Township 49, Range
2, east, in Lincoln County, Missouri, but, through over-
sight and mutual mistake, each of said deeds failed to
describe and include the land supra, which should have
been included therein. The above land is described in
some portions of the record as the south half of-east
half of Lot No. 2 of the northeast quarter of Section 4,
aforesaid, but both descriptions cover the same land.
It is conceded, by all the parties to this action, that the
above deeds should be reformed and corrected, so that
each should contain the land above described.

The trial court reformed and corrected said deeds
as above indicated, and its ruling and decision in respect
to said matter is hereby approved.

II. Plaintiffs allege, and the evidence shows, that
they contracted to purchase from Porter Jones, 180.40
acres of land in Lincoln County, for the agreed consider-
ation of $5,500, which was paid to Jones by the execution
and delivery to him of a deed to 160 acres
Lands Unowned   of land in Lincoln County, described as
by Grantor.
follows: All of the southwest quarter of
Section 14, in Township 48, of Range 2, west; and also
by the payment to Jones of $1,500 in cash. It further
appears from the evidence that Jones and wife, on Janu-
ary 6, 1917, executed and delivered to plaintiffs a war-
ranty deed, with general covenants of warranty, and at-
tempted to convey therein 180.40 acres of land in Lin-
coln County, to plaintiffs, for the expressed considera-
tion of $6,000, but for the actual consideration of $5,500,
as heretofore stated. We find from the evidence that
by the evidence to make of this an exceptional case.

possession was delivered to plaintiffs of all the land described in said deed, including the southeast quarter of Lot No. 2 of the northeast quarter of Section 4, in Township 49, of Range 2, east, in Lincoln County, except the west half of Lot No. one (1) of the northwest quarter of Section 3, in Township 49, of Range 2, east, in said county, containing 40 acres of land, which said Jones and wife did not own, and to which they had no title. In other words, we find from the evidence, that under the written contract between plaintiffs and Jones, read in evidence and described in the petition, and by the terms of the warranty deed from Jones and wife to plaintiffs, the latter paid Jones for 40 acres of land which he did not convey or deliver to them.

We are of the opinion from the evidence before us that plaintiffs are entitled to recover, under the contract and warranty deed aforesaid, the reasonable value of the forty acres they did not receive, which we find from the evidence is $1,222.20, and which should bear interest at the rate of six per cent per annum from January 6, 1917, until paid; and which said sum of $1,222.20, with interest as aforesaid, should be declared a lien on the 160 acres aforesaid, conveyed by plaintiffs to Jones, subject to the deed of trust on said land made by Jones and wife in January, 1917, to Charles Martin, as trustee for George McGregor.

III. Defendants Jones and wife, in their answer and cross-bill allege, and the evidence shows, that they did not own the west half of Lot 1 of the northwest quarter of Section 3, Township 49, Range 2, east, as aforesaid; that through mutual mistake said land was described in the deed from Jones and wife to plaintiffs aforesaid, when it should not have been included therein.

Lands Included by Mistake.

Having required defendant Jones to pay the damages aforesaid for the loss of forty acres which he did not convey to plaintiffs, as required by the contract and deed aforesaid, the warranty deed from Jones and wife

to plaintiffs, bearing date, January 6, 1917, should stand reformed and be corrected, so that the west half of Lot No. 1 of the northwest quarter of Section 3 aforesaid, shall be excluded therefrom, upon the payment of the judgment to plaintiffs aforesaid.

The foregoing disposes of the controversy between plaintiffs on the one hand, and defendants Jones and wife on the other. We will next proceed to consider the controversies, between defendants Jones and wife, and Wm. A. Gladney and wife.

IV. Defendants Gladney and wife challenge the jurisdiction of the circuit court, and incidentally of this court, to determine in this action, the ques-
Jurisdiction: tion as to whether Jones and wife can re-
Adversary
Defendants. cover from Gladney the reasonable value of the forty acres which Jones bought, and which Gladney failed to deliver and convey to him.

In considering the question of jurisdiction, we find, that plaintiffs sued Gladney, as well as Jones, for the purpose of having the deeds from Gladney to Jones, and from the latter to plaintiffs, reformed and corrected so as to include the southeast quarter of Lot No. 2 of the northeast quarter of Section 4, Township 49, Range 2, east, aforesaid. The circuit court, therefore, upon the appearance of Gladneys, and Jones and wife, to plaintiffs' action, acquired jurisdiction over the persons of Gladneys and Jones. It had likewise jurisdiction over the subject-matter of the action, and jurisdiction over the respective deeds aforesaid from Gladney and Jones, in order to grant plaintiffs the relief prayed for as aforesaid. Jones answered plaintiffs' case by confessing the mistake made in his deed to plaintiffs as to the southeast quarter of Lot 2 of the northeast quarter of Section 4, aforesaid, which should have been included therein. In answer to the plaintiffs' case, Jones asked the court to correct the deed which he and wife made to plaintiffs, so as to strike therefrom the west half of Lot No. 1 of the northwest quarter of Section 3 aforesaid. The court

had before it the consideration of this same deed, as a part of plaintiffs' case. With matters in this shape, on December 7, 1917, defendant Gladney entered a general appearance to plaintiffs' action, and confessed therein that the deed which he made to Jones should be reformed and corrected so as to include said southeast quarter of Lot No. 2, of the northeast quarter of Section 4 aforesaid. So, that, the court of chancery had before it, as part of plaintiffs' case, the deed from Gladney to Jones and the deed from the latter to plaintiffs. It had jurisdiction at that time, as part of plaintiffs' case, over the persons of both Gladney and Jones.

On September 13, 1917, defendant Jones filed an amended answer and cross-bill herein. The first part of said answer related to the issues heretofore considered between plaintiffs and Jones. The balance of said answer and cross-bill is a demand of Jones against Gladney for damages which he sustained on the covenants of warranty in Gladney's deed to him, which was the same conveyance involved in plaintiffs' case against all the defendants. In short, Jones, in said cross-bill, sought the same kind of a judgment against Gladney that plaintiffs sought to have rendered against him (Jones), and contended that, in case plaintiffs should succeed, the judgment rendered in his behalf should be declared a lien on the lands of Gladney mentioned said cross-bill.

On November 30, 1917, defendant Gladney appeared specially in his plea in abatement, and contended therein that no process had been served on him in respect to the cross-bill of Jones, and that by reason thereof the court acquired no jurisdiction over his person, etc. This plea was overruled by the court, and leave given Gladney to plead to Jones's cross-bill on or before December 8, 1917. On the latter date, Gladney demurred to said cross-bill, and alleged eleven grounds of demurrer. On December 11, 1917, said demurrer was overruled and, on the same day, leave was given Gladney to answer said cross-bill on or before December 12, 1917. On December 12, 1917, Gladney applied for a change

of venue, and the cause was transferred to Montgomery County. On December 12, 1917, defendant Gladney filed his plea in abatement to said cross-bill, the same having been filed before the granting of said change of venue. On February 21, 1917, Gladney filed an answer and plea in abatement to the cross-bill aforesaid.

The plea in abatement to the jurisdiction of the court over his person was substantially the same as that overruled by the Circuit Court of Lincoln County. The remainder of said plea is an answer to the cross-bill of Jones. In said answer he admits that the southeast quarter of Lot No. 2 of the northeast quarter of Section 4 aforesaid was intended to be inserted in his deed to Jones, as contended for by plaintiffs and Jones, and that the same was left out of his deed through mutual mistake, etc. He likewise pleads in his answer that his deed to Jones should be reformed and corrected so as to exclude therefrom the west half of Lot No. 1 of the northwest quarter of Section 3 aforesaid, as the same was included therein through mutual mistake, etc. He concludes his answer to said cross-bill of Jones, by asking the court to reform and correct the deed which he made to Jones, in respect to both the above matters.

We have set out at length the foregoing proceedings, in order to determine whether or not the court acquired jurisdiction over the person of defendant Gladney, in respect to the subject-matter of the cross-bill filed by defendant Jones aforesaid. We have before us, as a court of equity, plaintiffs, Gladney and Jones, all asking that the deeds from Gladney to Jones, and from the latter to plaintiffs, be reformed and corrected. Jones, in his cross-bill, as a condition precedent to relief being granted Gladney, as to the west half of said Lot 1, contends, that the court should require him to respond in damages, for the 40 acres he agreed to convey and deliver to Jones, but failed to convey and deliver, in lieu of that 40 which he asks to have excluded

from said deed, on account of the alleged mutual mis-
take, etc.   We are fully satisfied from the facts afore-
said, that the trial court acquired jurisdiction over the
person of Gladney, not only as to the subject-matter of
said cross-bill, but that it had jurisdiction to settle and
adjust all the matters in dispute, between plaintiffs,
Gladney and Jones, with respect to the conveyances
from Gladney to Jones and from the latter to plain-
tiffs, etc.

The principle underlying this class of cases, is very
clearly and forcefully stated by SHERWOOD, J., in the
leading case of Real Estate Saving Inst. v. Collonious,
63 Mo. l. c. 295, as follows:

"The court had the subject-matter of the suit with-
in its grasp; had jurisdiction of that and likewise of the
parties; and the doctrine is too well settled to admit
of either discussion or dispute, that when a court of
equity once acquires jurisdiction of a cause it will not
relax its grasp upon the *res* until it shall have avoided
a multiplicity of suits by doing full, adequate and com-
plete justice between the parties.   It will not content
itself in this regard by any half way measures; it will
not declare that a party has been defrauded of his rights
and then dismiss him with a bland permission to assert,
at new cost and further delay, those rights in another
forum."   To same effect are:  Hess W. & V. Co. v. Bur-
lington Grain E. Co., 280 Mo. 163; Oldham v. Wade,
273 Mo. l. c. 254, 200 S. W. 1053; Frazier v. Crook, 204
S. W. l. c. 394; Huggins v. Davidson, 202 S. W. l. c. 400;
Woolum v. Tarpley, 196 S. W. l. c. 1128-9; McAllister
v. St. J. St. Const. Co., 181 S. W. l. c. 58.

We have carefully examined and considered the
case of Fulton v. Fisher, 239 Mo. 116, 133, cited by coun-
sel for Gladney, as well as the other cases referred to
in the brief, along the same lines.   The Missouri cases
referred to can be clearly distinguished from those at
bar.   We are satisfied, however, upon both principle
and authority, as to the conclusion heretofore reached.

The plaintiffs, in their petition, among other things,
pray, that the title to the real estate in controversy

may be quieted in them. Both Gladney and Jones, in their respective answers, ask for general relief.

Section 2535, Revised Statutes 1909, reads as follows:

"Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property. And upon the trial of such cause, if the same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interests, liens and demands whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor."

Considered, therefore, as an equitable action, in which the titles to certain real estate are to be settled and determined, the broad provisions of the above statute contemplate that all the matters aforesaid, may be determined in the present action. We will accordingly proceed to a consideration of the controversy between Jones and Gladney, as presented in the record.

V. There is some conflict between the testimony offered by Jones and Gladney, in respect to the trade

between them. After carefully reading the evidence before us, we are of the opinion that Gladney took Jones upon the land he was proposing to trade him; that he represented it contained 180.40 acres; that Jones was then ignorant of the number of acres contained in the tract pointed out by Gladney; that he believed the statements of the latter as to said number of acres were true, and relied thereon; that the land actually shown Jones was 140 acres; that Gladney agreed to, and did, make a warranty deed to Jones for 180.40 acres more or less, containing general covenants of warranty; that said deed called for the west half of Lot No. 1 of the northwest quarter of Section 3 aforesaid, containing forty acres, *which Gladney did not own,* and which he had previously sold to Cannon; that possession of the land above conveyed, *except* said last-mentioned forty acres, was delivered to Jones; that Gladney failed to convey and deliver to Jones forty acres of the 180.40 acres which he agreed to sell and convey to Jones, and which was paid for by the latter in the deal between them; that by reason of the foregoing, Gladney became liable on his covenants of warranty, to either Jones or plaintiffs, for the value of the forty acres which he wrongfully included in said deed, which we find to be $1,222.20.

It is contended by Gladney that the right of action, if any existed, on the covenants of warranty contained in his deed to Jones passed to plaintiffs by the conveyance from Jones to the latter. It may be conceded for the purposes of the case that the above is true as a general proposition of law. [Allen v. Kennedy, 91 Mo. 324; Johnson v. Johnson, 170 Mo. 34; Crosby v. Evans, 281 Mo. 202, 219 S. W. 948, l. c. 952; 7 Ruling Case Law, sec. 37, p. 1122.] In this case, however, plaintiffs, under the above authorities, had the legal right to sue Gladney direct, on his covenants of warranty to Jones, or to sue the latter on the covenants contained in the deed from Jones to them. They saw fit to proceed against Jones, in order to obtain a lien on the land which they sold Jones for the amount recovered. We have sustained their right of recovery against Jones as aforesaid, and

Martin v. Jones.

have held that they are entitled to a lien on the land they traded to Jones to secure same.

If, within fifteen days from the date of the filing of the mandate of this court herein, with the clerk of the Circuit Court of Montgomery County, the defendant Gladney shall pay or cause to be paid the $1,222.20 and interest as aforesaid, due plaintiffs from Jones, then, as a part of the decree in the re-trial of this cause, the deed from Gladney to Jones heretofore mentioned shall be reformed and corrected so as to exclude therefrom the west half of Lot No. 1 of the northwest quarter of Section 3 aforesaid, and no judgment shall then be entered in favor of Jones for damages against said Gladney. If, on the other hand, defendant Gladney does not pay or cause to be paid the debt due plaintiffs, as aforesaid, within the time aforesaid, then said Jones, on the payment of plaintiffs' judgment aforesaid against him, shall be subrogated to the rights of plaintiffs; shall be entitled to a judgment against defendant Gladney for the amount thus paid, and shall be given a lien on Gladney's land to secure same. On payment of the latter judgment, should it be entered, or on payment to Jones of the amount he may have paid to plaintiffs in extinguishing their debt, defendant Gladney shall be entitled to have entered, as a part of the decree in the cause, a reformation and correction of his deed to Jones so as to exclude said forty acres in Lot No. 1 aforesaid.

We accordingly reverse and remand the cause, with directions to the trial court to set aside its decree heretofore entered, and to enter a new decree in conformity to the views heretofore expressed, granting to either party a reasonable indulgence as to time, if necessary, in disposing of the case. *Mozley* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.