MINNIE E. NORTON et al.; JOHN R. JOHNSON, Intervener, Appellant, v. ISAAC F. REED et al.; IDA HARLICK et al., Interveners.

Division Two, March 13, 1920.

1. **ASSIGNMENT: Cause of Action: Stipulation as to Settlement: Substitution.** An action in ejectment pending in the proper court, with a stipulation on file between all the parties agreeing to a final disposition of the case, is assignable, and a conveyance by quit-claim deed, executed by plaintiffs, in which they convey to a named grantee all their right, title and interest in the land and to the damages for rents and profits, is such an assignment, and entitles the grantee to be substituted as plaintiff, unless the cause of action had already been lost for some other reason.

2. ———: **Dismissal.** Where a cause of action is pending on a stipulation for judgment and is assigned by the plaintiffs, together with all their interests in the property in suit, the court should not permit plaintiffs, upon the payment of costs, to dismiss the action, without the consent of the assignee.

3. ———: ———: **Reinstatement: Writ Coram Nobis.** After the adjournment of the term, a case wrongfully dismissed cannot be reinstated by motion under Secs. 2119-2121, R. S. 1909, if there is nothing on the face of the record indicating that error had been committed. But if the motion is in the nature of a writ of error *coram nobis*, and points out a mistake made by the court, without the fault of movement, based upon a misapprehension of the actual facts, which, if known to the court at the time, would have precluded a dismissal, the cause may be reinstated in response thereto; for the purpose of a writ of error *coram nobis* is to enable the court to correct some error of fact, which did not appear in the record and which was unknown to the court when the order was made.

4. ———: **Unsigned and Amended Petition: Conveyance by Defendant: Stipulation for Judgment.** The filing of an unsigned petition is the commencement of a suit, and the filing of an amended petition at the return term relates back to the filing of the original petition; and a suit in ejectment is properly brought against the owner and his tenant in possession; and if, after such amended petition is filed, the attorneys who sign it and the attorneys for defendants enter into and file in the case a stipulation for judgment in accordance with a final adjudication in another pending cause resting upon the validity of the same administrator's deed, such stipulation is binding on all the parties and their assignees, although one day before the suit was brought the defendant, by a deed not recorded until one day thereafter, had conveyed to intervener; and intervener is in no better position than he would be had the original petition been properly signed.

5. ———: **Ejectment Against Grantor: Stipulation for Judgment.** The purchaser from the defendant in ejectment, by deed executed one day before suit is filed but not recorded until one day after, is, under the statute (Sec. 1732, R. S. 1909), entitled to be joined as codefendant and to defend his title, or to have it defended in the name of the original defendants. And if a stipulation is signed by the attorney for the original defendants that the action shall remain on the docket and abide the result in another pending suit, he and his grantee are bound by the stipulation.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,* Judge.

REVERSED AND REMANDED (*with directions*).

*Arthur T. Brewster, Buford & Chitwood,* and *J. B. Daniel* for appellant.

(1)  The suit having been brought against the person in actual possession it is immaterial that the grantor of interveners who claimed title to the land through an unrecorded deed was not made a party thereto.  R. S. 1909, sec. 2385.  (2)  It being admitted by the pleadings that at the date of the order of dismissal the plaintiffs had parted with all their interest in the subject-matter of the suit and that said interest had passed by conveyance to the intervener at the date of the filing of the motion herein by him, the motion should have been sustained.  (3)  A motion in the nature of a writ of error *coram nobis* is the correct procedure to correct an error in a judgment, after the lapse of a term at which the judgment is rendered where the error is not patent on the record, but must be shown by evidence *dehors* the record. State ex rel. v. Riley, 219 Mo. 667; Hadley v. Bernero, 103 Mo. App. 549;  Cross v. Gould, 131 Mo. App. 585;  State v. Stanley, 225 Mo. 525;  5 Ency. Pleading & Practice, 27. (4)  One not a party to an action, i. e. a stranger to the record, may file a motion in the nature of a writ of error *coram nobis,* if he is privy to the record or injured thereby.  State ex rel. v. Riley, 219 Mo. 684; 5 Ency. Pleading & Practice, 31 ; Dugan v. Scott, 37 Mo. App. 663;  State ex rel. v. Heinrich, 14 Mo. App. 146. (5) Even if it were shown beyond question that the original petition was not signed by counsel, such error was waived by answering over to an amended petition and could not be successfully raised thereafter.  Brookshier v. Mutual Fire Ins. Co., 91 Mo. App. 599.  (6) Error in failing to sign a pleading, if objected to in due time, can be cured by amendment when attacked. Reamer v. Morrison Express Co., 93 Mo. App. 510.

*R. I. January* and *J. H. Keith* for respondents.

(1) All actions must be prosecuted in the name of the real party in interest, and to recover possession of real estate must be brought against the person in possession of the premises. Secs. 1729, 2585, R. S. 1909. (2) All pleadings' shall be signed by the pleader or his attorney. R. S. 1909, sec. 1822; Orley Stain Co. v. Whitson, 34 Mo. App. 624. (3) To entitle plaintiff in ejectment to judgment, it is necessary to show that defendant in the suit, at the date of the commencement or filing of the suit, was in the possession of the premises. Sec. 2389, R. S. 1909; Haden v. Goodwin, 217 Mo. 662; Philips v. Philips, 187 Mo. 360. (4) A voluntary nonsuit will not be reviewed. Koger et al. v. Hays, Admr., 57 Mo. 329; Greene County Bank v. Gray, 146 Mo. 568; Sec. 1980, R. S. 1909. (5) Nonsuit abandons original suit. Karnes v. American Fire Ins. Co., 53 Mo. App., 440; Wiethaup v. City of St. Louis, 158 Mo. 655. (6) Stipulation could not affect rights of those not party. Barber Asphalt Paving Co. v. Young, 94 Mo. App. 214. (7) A judgment dismissing a cause cannot be set aside on motion after the end of the term at which it was rendered. Jameson v. Kinsey, 85 Mo. App. 301; State ex rel. Ozark County v. Tate, 109 Mo. 265; Peak v. Redd, 14 Mo. 79.

RAILEY, C.—On October 23, 1907, Minnie A. Norton, Catherine Dougherty, John C. Vandyke and James T. Vandyke, as plaintiffs, filed, in the Circuit Court of Reynolds County, Missouri, a petition in ejectment, against Isaac F. Reed and Martin Burnham, as defendants, to recover possession of an undivided four-fifths of the following described real estate located in said county, to-wit:

"All of the west half of the east half of Lot 2 of the northwest quarter of Section 5 in Township 29 of Range 1 east, except a strip one hundred and five feet wide off of the south end thereof."

Five suits in ejectment were filed by the same plaintiffs, on the same day, in the same court, against

separate and distinct defendants. The title of the several defendants to the several tracts of land involved in said several suits depended, in each case, upon the sufficiency of a certain alministrator's deed, purporting to convey all of the land involved in said five suits, to a common grantor of all the defendants in said five actions. In the present action, the defendants were served with process on October 23, 1907, and thereafter answered in said cause. It is admitted by counsel in the present controversy, that Benjamin C. Vandyke, the father of plaintiffs, was the common source of title.

Benjamin C. Vandyke died in said county, on July 14, 1884, intestate, and left, as his only heirs at law, the above named plaintiffs and the minor children of his deceased daughter, Bertie E. Cooper, namely, Bessie Cooper, Morey Cooper, Carter Cooper, Charles Taylor and Clarence Taylor. The plaintiffs herein claimed to be the owners of the undivided four-fifths of said real estate, as tenants in common with the children of said Bertie E. Cooper, deceased, who claim to have owned an undivided one-fifth of same.

The date of ouster is named as August 4, 1901.

On December 5, 1907, during the November Term, 1907, of the Reynolds Circuit Court, and after the above named defendants herein had been served with process and answered in said cause, a stipulation was filed therein, by the respective parties thereto, which without caption and signatures, reads as follows:

"It is stipulated and agreed by and between the parties, plaintiffs and defendants, in the above entitled cause, that this cause shall stand continued in this court until a final judgment is entered, either in this or in the Supreme Court, in the ejectment case of the same plaintiffs against Joseph A. Reed, tried in this court and involving the same title.

"Upon the entry of a final judgment in said case of Minnie A. Norton et al. against Joseph A. Reed, either in this court or in the Supreme Court, then either party to this suit may move for judgment in this court, in this case, and shall be entitled to a judgment

for either the plaintiffs or the defendants, as may have been determined in said suit against Joseph A. Reed, but in case the judgment so entered is for plaintiff for possession the parties may give evidence as to the rents and profits in this case, but all other issues shall be determined by such final judgment in said case against Joseph A. Reed.''

Said stipulation was signed by attorneys, J. B. Daniel, John H. Raney and R. L. McLaran, in behalf of said plaintiffs, and by S. L. Clark and R. I. January, as attorneys for defendants herein.

After one of said five suits had been tried in the Circuit Court of Reynolds County, to-wit, that of Minnie A. Norton et al. v. Joseph A. Reed, the stipulation aforesaid was filed herein. The above named case against Joseph A. Reed was decided by the circuit court, in favor of plaintiffs, and defendants duly appealed said cause to the supreme Court of Missouri, where it will be found reported in 253 Mo. 236-7 (161 S. W. 842). The supreme Court, on December 6, 1913, affirmed the judgment of the Reynolds Circuit Court in the above cause.

Thereafter, before the next term of the Reynolds Circuit Court, plaintiffs in the present suit sold all their interest in the subject-matter of this action, to said defendant, Joseph A. Reed, who thereafter executed a deed, conveying to the intervener herein, John R. Johnson, all of the land involved in this suit. Said deed from Joseph A. Reed to said John R. Johnson was duly recorded in Reynolds County, on September 5, 1914. By the terms of said sale between plaintiffs and said Joseph A. Reed, it was agreed that said Reed should, and he did, pay all the costs in this suit. Thereafter, on November 25, 1914, an order was entered of record in this cause in the Circuit Court of Reynolds County, reciting, after the caption, the following: ''Dismissed by plaintiffs, all costs having been paid.''

Thereafter, on November 29, 1916, John R. Johnson, as intervener herein, filed in this cause, a motion in the nature of a writ of error *coram nobis,* setting

out the facts aforesaid, and praying to be substituted as plaintiff herein, instead of the plaintiffs, who had, after suit filed, and before judgment rendered, parted with their interest in the subject-matter of this suit, averring, that said order of dismissal was erroneously made and praying that the same be set aside, and judgment rendered herein upon the stipulation aforesaid. Said Johnson, for convenience, will hereafter be designated as *appellant*.

At the time of the institution of this suit, the defendant, Isaac F. Reed, appeared by the records of Reynolds County, Missouri, to be the record owner of the lands in controversy, if said administrator's deed passed any title thereto, and the said defendant, with Martin Burnham, were in the actual possession thereof.

As above indicated, this suit was filed October 23, 1907. A like suit involving the same subject-matter for the same plaintiffs, and against the same defendants, had theretofore been filed, plaintiffs had suffered a nonsuit, and thereafter, within one year after said nonsuit, filed the present action. The defendant, Isaac F. Reed, on October 22, 1907, one day before the filing of this suit, had executed a deed to one J. C. Webb, purporting to convey to him the lands in dispute, but the deed was not filed for record until the day after the filing of this suit. Thereafter, the said J. C. Webb, executed a deed purporting to convey these lands to his then wife, now Ida M. Herlick, who thereafter executed a mortgage purporting to convey said lands to F. Louis Zimmerman, to secure a note for $600. After the filing of said motion by appellant, John R. Johnson, the said Ida M. Herlick and F. Louis Zimmerman, were, by the Reynolds Circuit Court, permitted to intervene, as parties defendant, in lieu of their remote grantor, Isaac Reed, and filed objections to the setting aside of said nonsuit. The last named interveners will be designated hereafter as respondents.

The venue was changed and the above cause, between appellant and respondents, was sent to the Circuit Court of Butler County, Missouri, where it was

heard on the 27th day of April, 1917, and judgment rendered, denying to said John R. Johnson the right to be substituted as a plaintiff herein.

Appellant, in due time, filed his motion for a new trial, which was overruled and the cause duly appealed by him to the Springfield Court of Appeals. The latter court, on account of title to real estate being involved, transferred the cause to this court.

I. The case of Minnie A. Norton et al. v. Isaac F. Reed et al. was pending in the Circuit Court of Reynolds County, Missouri, on November 25, 1914, with the stipulation aforesaid on file therein, between all the parties to **Assignment.** said action, as to the final disposition of this cause. Prior to the above date, said plaintiffs, on May 27, 1914, by quit-claim deed, conveyed to Joseph A. Reed all their right, title and interest in the land in question, and to any damages for rents and profits thereon. On December 27, 1913, plaintiff, James T. Vandyke, conveyed, by quit-claim deed, to said Joseph A. Reed, all his interest in the lands aforesaid, and in the damages due him for rents and profits thereon. On September 7, 1914, Joseph A. Reed conveyed by deed to appellant, John R. Johnson, all his right, title and interest in the lands aforesaid, which last described deed was duly recorded in Reynolds County on said September 7, 1914. It is contended by respondents, in their brief, that the conveyances, supra, did not convey to said Johnson the right to be substituted as plaintiff in this action and to enforce the provisions of said stipulation. In other words, it is asserted in respondents' brief, page 8, that:

"Some causes of action may be assigned, but our statute, Section 1729, Revised Statutes 1909, prohibits an assignment of a thing in action not arising out of contract."

This contention is without merit. [Wiehtuechter v. Miller, 208 S. W. l. c. 41; McGinnis v. McGinnis, 274 Mo. l. c. 296-7, 202 S. W. l. c. 1090; Remmers v. Remmers, 217 Mo. l. c. 561; Choteau v. Boughton, 100 Mo. l. c.

410; Snyder v. Railroad Co., 86 Mo. 613; Coffman v. Railroad, 183 Mo. App. 622; Brown v. Railroad Co., 198 Mo. App. l. c. 76, 199 S. W. 708.] The rights of appellant, Johnson, must, therefore, be determined on the theory that he was entitled to be substituted as plaintiff in this case, in lieu of the original plaintiffs, whose interests in said land he had acquired by the conveyances aforesaid, unless he has lost such right by virtue of the nonsuit relied on by respondents.

II. This brings us to the question as to whether or not the Circuit Court of Reynolds County was justified in entering of record in this case, on November 25, 1914, the following entry:

Dismissal.

"Dismissed by plaintiffs, all costs having been paid."

The costs were not paid at the date of said dismissal, but were previously paid by Joseph A. Reed, when he acquired the interests of plaintiffs, and under an agreement made with them. Appellant, John R. Johnson, testified as follows:

"On November 25, 1914, I was not represented by any attorney in this case. I was not consulted and did not consent to, or participate in, the order of dismissal made herein. I did not dismiss it, authorize any one to dismiss it, or have anything to do with the dismissal of it. I bought the land before said order of dismissal."

On cross-examination, he further testified:

"I was admitted to the bar, in December, 1912. C. M. Buford did not represent me in the purchase of this land. I examined the stipulation pleaded herein before I bought the land. I was not a party to this suit at that time."

At the date of said dismissal, both the plaintiffs and Joseph A. Reed, had parted with their interests in said land, the same having passed to appellant, Johnson, by virtue of the conveyances aforesaid. We find from the evidence that no one present, at the time of said dismissal, was authorized to represent J. R. Johnson. We are

satisfied from the record that the trial court was *misled* by the remarks of some one present, when the dismissal was entered, who the court thought at the time was authorized to speak for the plaintiffs in said cause, but who, as a matter of fact, had no such authority. We think it manifest from the testimony that had the trial judge known at the time of said dismissal that John R. Johnson was then the owner of plaintiffs' interest in said land, and that he was not represented by any one present, he would not have entered the order of dismissal, and thereby deprived Johnson of the rights given him by his purchase, under the stipulation aforesaid.

The question still arises, as to whether Johnson, by virtue of his motion, as intervener in this cause, is en-entitled to have the record entry aforesaid cancelled, and an order made substituting him as plaintiff, in lieu of the original plaintiffs.

III. Is appellant entitled to the relief asked for in his motion? The latter could not be successfully sustained under Sections 2119, 2120 and 2121, Revised Statutes 1909, because there is nothing on the face of the circuit court record which indicates that any error had been committed. [Jeude v. Sims, 258 Mo. l. c. 39, and cases cited.] The motion before us contains all the facts necessary to constitute it a writ of error *coram nobis*. It points out a mistake made by the court, without the fault of appellant, based upon misapprehension of the actual facts, which if known to the court at the time, would have precluded it from dismissing the cause.

Reinstatement.

In Jeude v. Sims, supra, at page 40, Judge WALKER, speaking for the Court in Banc, in respect to this subject, said:

"At common law writs of error *coram nobis* were writs granted by the court rendering the judgment for the purpose of correcting some error of fact. [2 Tidd's Practice, p. 1136.] The fact must be such a fact that, had it been known at the time of the rendition of the

judgment, such judgment would not have been entered. It must be a fact directly connected with the case in which the judgment was entered, and a fact wrongly considered in the entry of the judgment which is sought to be corrected by the writ of error *coram nobis*."

This writ is usually brought into requisition to correct some error of fact which did not appear in the record, and which was unknown to the court. The principles above announced are sustained by other authorities in this State, some of which are as follows: State v. Stanley, 225 Mo. 1. c. 531 and following; State ex rel. v. Riley, 219 Mo. 667; Karicofe v. Schwaner, 196 Mo. App. 1. c. 572, 196 S. W. 46; Hadley v. Bernero, 103 Mo. App. 549; Dugan v. Scott, 37 Mo. App. 663; 5 Encyclopedia of Pl. & Practice, 31. Appellant's motion, therefore, entitled him to a writ of error *coram nobis* on the facts before us.

IV. The trial court had before it, in passing upon appellant's motion, and respondents' objections thereto, all the parties claiming any interest in the lands involved in this litigation. John R. Johnson, by virtue of the conveyances aforesaid, had succeeded to the rights of plaintiffs in this cause, and the respondents were defending, by virtue of the deed from Isaac F. Reed to J. C. Webb, etc. R. I. January appeared as counsel for defendants, Isaac F. Reed and Martin Burnham, and signed the stipulation aforesaid, as their counsel. He was served with a copy of appellant's motion, and appeared for respondents in resisting same.

Interested Parties.

V. It is conceded that at the time of the institution of this suit, on October 23, 1907, the defendants were in the possession of the real estate in controversy, and that both were duly served with process in said cause, on the date last aforesaid. On October 22, 1907, defendant, Isaac F. Reed, executed and delivered to J. C. Webb a warranty deed, for the expressed consideration of $1200, for the above land. This deed was not recorded until October 24, 1907. The

Instituting Suit.

evidence tends to show that the original petition herein was not signed by either counsel or plaintiffs, but, during the November Term 1907, of the Reynolds Circuit Court, an amended petition was filed in said cause, duly signed by the same counsel, whose names were appended as attorneys for plaintiffs in the execution of said stipulation. Thereafter said defendants answered in said cause, and their attorneys of record, S. L. Clark and R. I. January, signed the stipulation aforesaid in behalf of said defendants. The suit was properly brought against said defendants, who were then in possession of said real estate. [Sec. 2385 R. S. 1909; Realty and Development Co. v. Norman, 259 Mo. l. c. 636; Mann v. Doerr, 222 Mo. p. 2, par. 5 ; Hunter v. Wethington, 205 Mo. 284, 103 S. W. 543; Houghton v. Pierce, 203 Mo. 723.] The filing of the petition on October 23, 1907, although *unsigned,* was the commencement of said suit. [Sec. 1756, R. S. 1909; Knisely v. Leathe, 256 Mo. l. c. 364-5; State ex rel. v. Wilson, 216 Mo. 292; McGrath v. Railroad Co., 128 Mo. 1; South Missouri Lumber Co. v. Wright, 114 Mo. 326; Koch v. Shepard, 193 S. W. l. c. 602; Matthews v. Stephenson, 172 Mo. App. l. c. 228-9.]

Conceding that the original petition was not signed, it was clearly an oversight, that might have been corrected at any time, either before or after final judgment. [Secs. 1848, 1850, 1851, 1852, R. S. 1909; Cochran v. Thomas, 131 Mo. l. c. 274-5; Rosenheim v. Hartsock, 90 Mo. l. c. 365; Reamer v. Morrison Ex. Co., 93 Mo. App. l. c. 510.] Plaintiffs filed an amended petition at the November Term, 1907, which was answered by defendants and the stipulation aforesaid duly filed. The filing of the amended petition, under the circumstances of this case, dates back by relation, to the filing of the original petition on October 23, 1907. [Land & Lumber Co. v. Franks, 156 Mo. l. c. 689, and cases cited; Lumber Co. v. Realty Co., 171 Mo. App. 629, and cases cited.]

We therefore hold, that respondents, as interveners in this case, are in no better position than they would have been had the original petition been duly signed.

VI.   The original suit was properly brought against Isaac F. Reed and Martin Burnham, as landlord and tenant under Sections 1732, 2385, 2386, Revised Statutes 1909. When J. C. Webb purchased the interest of Isaac F. Reed, on October 22, 1907, and failed to file his deed for record until October 24, 1907, he had the right, under Section 1732 supra, to be joined as a co-defendant, and defend his title, or to have it defended in the names of the original defendants.

It is conceded that S. L. Clark was attorney for defendants in this action, and signed the stipulation aforesaid as such attorney.  We find upon examination of the record in Minnie A. Norton et al. v. Joseph A. Reed, 253 Mo. 237, that S. L. Clark appeared as counsel for Joseph A. Reed, in defense of the latter's title, in this court, after he had signed the stipulation aforesaid, providing that whatever judgment was finally rendered in the Joseph A. Reed, case, supra, should determine the rights of the parties in this litigation.  In the above case, reported in 253 Mo. 252, the other Division held that the administrator's deed, under which Joseph A. Reed claimed title, was void, and the judgment below in favor of plaintiffs was affirmed.  In this ejectment suit, the title of Isaac F. Reed depended upon the validity of the administrator's deed declared void by the other Division in the Joseph A. Reed case.  Respondent, Ida M. Herlick, asserts title through her husband, J. C. Webb, who claimed to have acquired the title of Isaac F. Reed, which was dependent upon the void administrator's deed aforesaid.

We accordingly hold, that  as against Ida M. Herlick, leaving out of consideration for the present the equities, if any, of F. Louis Zimmerman, appellant, John R. Johnson, was entitled, in the lower court, to have the order of the Reynolds Circuit Court, made in this cause on November 25, 1914, set aside and cancelled; and to be substituted as plaintiff in this cause, in lieu of the original plaintiffs.  He is further entitled to a judgment, by the terms of the stipulation aforesaid, subject to such equities, if

any, as said intervener, F. Louis Zimmerman, may be able to present, after appellant Johnson has been substituted as plaintiff herein.

We accordingly reverse and remand this cause with directions to the trial court to set aside and cancel said order of dismissal; to substitute appellant, John R. Johnson, as plaintiff, in lieu of the original plaintiffs; to determine the equities, if any, of intervener Zimmerman; and to dispose of the issues in the cause in conformity to the views herein expressed. *White* and *Mozley, C.C.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.