HECHT BROTHERS CLOTHING COMPANY ET AL., RESPONDENTS, v. DICK WALKER ET AL., APPELLANTS.—35 S. W. (2d) 372.

St. Louis Court of Appeals. Opinion filed February 3, 1931.

*Edw. W. Foristel, Foristel, Mudd, Blair & Habenicht* and *James T. Roberts* for appellants.

*Jones, Hocker, Sullivan & Angert* for respondent Hecht-Lears, Inc.

HAID, P. J.—These are appeals from orders overruling defendant's motions to set aside orders setting aside judgments for damages on two injunction bonds.

In 1922, Hecht Bros. Clothing Company brought suit against Dick Walker and others, to enjoin the latter from interfering with the employees of the former during the course of a labor dispute. On August 4, 1922, a restraining order and order to show cause was

granted and a bond of $1000 was executed by plaintiff as a condition of such order, and, on September 20, 1922, a temporary injunction was awarded and a second bond in the sum of $1000 was made as required by such order. In November of that year defendants filed their amended answer and on December 29, 1922, the temporary injunction was dissolved and plaintiff's bill dismissed. In February, 1923, defendants filed motions to assess damages on the two bonds above mentioned, in August, 1924, these motions were denied, and in October, 1924, an appeal was allowed to this court, and in February, 1926, this court reversed the action of the trial court and the cause was remanded (279 S. W. 1059).

Nothing further seems to have been done until February 18, 1927, when judgment for damages was entered on each of the bonds, one for $750 and the other for $700. These were subsequently set aside. On December 4, 1928, notice was served on the firm that had represented the plaintiff in the injunction cases, acknowledgment of receipt of which was made by a member of the firm who participated in the injunction trial, but who thereafter ·did not participate in the case, which noticed a hearing on the motion to assess damages for December 7, 1928. On the latter date no one appearing, the attorney for defendants called the office of the attorneys who had represented plaintiff and ascertained that the member of that firm who was actively handling the case after the granting of the injunction. was ill, and in the following week was informed that such attorney could not take up the motion during that week; then counsel for defendant again called the attorney and advised the latter he was going to take the matter up on December 15th, and was informed that such attorney had learned that the plaintiff company had been dissolved and was no longer in existence. Notwith-. standing this, attorney for defendants called up the matter and judgments were entered, which judgments, by stipulation, were vacated on December 18, 1928.

On December 21, 1928, formal notice was given by counsel for the defendants that the motions would be taken up on December 27th, upon which notice appears the following acknowledgment of service:

"Copy of notice received this 21st day of December, 1928, but we do not represent Hecht Bros. Clothing Company and Aetna Casualty Company, Hecht Bros. Clothing Company having been dissolved more than one year ago and a new company should be substituted in its stead. Jones, Hocker, Sullivan & Angert."

The motions were taken up on December 27th and on the following day judgments were entered. On January 3, 1929, Hecht-Lears, Inc., filed its motion to be substituted as party plaintiff in the case, which was granted, to the extent of making it an additional party plaintiff.

1162

On February 20, 1929, Hecht-Lears, Inc., filed its motions to set aside the judgments entered December 28, 1929, against Hecht Bros. Clothing Company, which allege in substance, among other things, that (1) On October 28, 1926, after due action of its stockholders, Hecht Bros. Clothing Company, a Missouri corporation, was duly dissolved and passed out of existence upon the filing of the statutory affidavit of dissolution with the Secretary of State and has had no corporate existence since that date. (2) That Hecht-Lears, Inc., was incorporated under the laws of the State of Delaware and had acquired all of the assets of Hecht Bros. Clothing Company and agreed to assume all of its obligations and debts, and did pay and discharge all of the debts of which it had any knowledge or information. (3) That the judgments of December 28, 1928, were entered upon a hearing of which the movant had no notice or information prior to December 29, 1928. (4) That said hearing was had and the judgments entered after an attempted notice of such hearing to the former attorneys of Hecht Bros. Clothing Company, after notice to the attorney of the defendant that said Hecht Bros. Clothing Company had been dissolved and was no longer represented by such former attorneys. (5) That the judgments are null and void because no notice of a hearing thereon was given Hecht-Lears, Inc., or to any other person on its behalf or representing it. The motions are quite long, set up the various steps of the case and assert that the judgments are in violation of the 14th amendment to the Constitution of the United States and of section 30 of article 2 of the Constitution of Missouri.

Defendants (appellants here) assert that the motions filed by Hecht-Lears, Inc., are not motions for a new trial, and, if so, were not filed in time, that they are not motions under section 1552, Revised Statutes of Missouri 1919, to set aside the judgments for irregularities and that they are not petitions for review. We think it may be conceded, under the authorities, that defendants are correct in these conclusions.

Hecht-Lears, Inc., contends, on the other hand, that the motions are applications for writs of error *coram nobis*.

Concerning the function of this writ, we had this to say in the case of Mefford v. Mefford (Mo. App.), 26 S. W. (2d) l. c. 806:

"The office of the writ of error *coram nobis* is to call attention of the court to, and obtain relief from, errors of fact (5 Encyc. of Pleading and Practice, 27), but it does not lie to correct errors of law (5 Encyc. of Pleading and Practice, 29), or, as stated by the court in Marble v. Vanhorn, 53 Mo. App. l. c. 363: 'This writ, and the motion we have in this modern day, as a substitute for it, is addressed to the court itself where the record is and lies to correct some latent matter of fact unknown to the court, and which, if known, would have prevented the judgment rendered. . . . The

matter of fact must not have been known to the court, for, if it was known, and yet the court acted erroneously or illegally, it is an error of law in the court, and should in that proceeding be taken to a higher tribunal for reversal, instead of making application to the court itself.' [State ex rel. v. Heinrich, 14 Mo. App. l. c. 149; Dugan v. Scott, 37 Mo. App. l. c. 669; Hirsh v. Weisberger, 44 Mo. App. l. c. 509; Jeude v. Sims, 258 Mo. l. c. 42, 166 S. W. 1048.]''

The rule so stated is amply sustained by the authorities in this State. [Jeude v. Sims, 258 Mo. l. c. 40, 166 S. W. 1048; Norton v. Reed, 281 Mo. 482, 221 S. W. 6; State v. Wallace, 209 Mo. 358, 108 S. W. 542; State ex rel. v. Riley, 219 Mo. l. c. 681, 682, 118 S. W. 647; Simms v. Thompson, 291 Mo. 492, 236 S. W. 876; Cross v. Gould, 131 Mo. App. 585, 597, 110 S. W. 672; Hartford Fire Ins. Co. v. Stanfill (Mo. App.), 259 S. W. 867, l. c. 870.]

The record in this case discloses, according to the testimony of the attorney who presented the motions to assess the damages, that he informed the trial court of the fact that it was stated to him that the Hecht Bros. Clothing Company had been dissolved. It nowhere appears, however, that he informed the court that Hecht-Lears, Inc., had purchased all of the assets of the Hecht Bros. Clothing Company and had assumed all of the liabilities of that company. It seems to us that this was a very important matter in the case because, as the record discloses, the Hecht-Lears, Inc., had undertaken to assume all of the liabilities of the former company. A judgment upon the bonds against the Hecht Bros. Clothing Company would have been tantamount, almost, to a judgment against it because there would have been no opportunity to defend against the claim of damages upon the bonds and upon a showing of movant's acquisition of the assets and its asumption of the liabilities of the former company it would have been liable for the amount of such judgments.

A case very much in point, it seems to us, is that of Norton v. Reed, 281 Mo. 482, 221 S. W. 6. There the action was one in eject-ment in which a stipulation had been filed that it should abide a decision of the Supreme Court in another case. After the decision of the Supreme Court in such other case plaintiffs sold all their interest in the subject-matter of the action to the defendant Reed, who in turn, conveyed the same to John R. Johnson. By the terms of the sale from plaintiffs to Reed it was agreed that said Reed should, and he did, pay all the costs in the suit. Thereafter on November 25, 1914, an order was entered of record in the case re-citing that it was dismissed by plaintiffs, all costs having been paid. Two years thereafter, on November 29, 1916, John R. Johnson filed a motion in the nature of a writ of error *coram nobis* setting out the above facts and averring that the order of dismissal was erro-neously made and praying that the same be set aside and judg-

ment rendered upon the stipulation referred to. Johnson testified that on November 25, 1914, he was not represented by any attorney, was not consulted and did not consent to, or participate in, the order of dismissal and did not authorize any one to dismiss it. Upon this state of facts the court said:

"III. Is appellant entitled to the relief asked for in his motion? The latter could not be successfully sustained under sections 2119, 2120 and 2121, Revised Statutes 1909, because there is nothing on the face of the circuit court record which indicates that any error had been committed. [Jeude v. Sims, 258 Mo. 1. c. 39, and cases cited.] The motion before us contains all the facts necessary to constitute it a writ of error *coram nobis*. It points out a mistake made by the court, without the fault of appellant, based upon misapprehension of the actual facts, which if known to the court at the time, would have precluded it from dismissing the cause.

"In Jeude v. Sims, supra, at page 40, Judge WALKER, speaking for the court in banc, in respect to this subject said:

" 'At common laws writs of error *coram nobis* were writs granted by the court rendering the judgment for the purpose of correcting some error of fact. [2 Tidd's Practice, p. 1136.] The fact must be such a fact that, had it been known at the time of the rendition of the judgment, such judgment would not have been entered. It must be a fact directly connected with the cause in which the judgment was entered, and a fact wrongly considered in the entry of the judgment which is sought to be corrected by the writ of error *coram nobis*.'

"This writ is usually brought into requisition to correct some error of fact which did not appear in the record, and which was unknown to the court. The principles above announced are sustained by other authorities in this State, some of which are as follows: State v. Stanley, 225 Mo. 1. c. 531 and following; State ex rel. v. Riley, 219 Mo. 667; Karicofe v. Schwaner, 196 Mo. App. 1. c. 572, 196 S. W. 46; Hadley v. Bernero, 103 Mo. App. 549; Dugan v. Scott, 37 Mo. App. 663; 5 Encyc. of Pleading & Practice, 31. Appellant's motion, therefore, entitled him to a writ of error *coram nobis* on the facts before us."

The defendants contend, however, that the above writ is not available if the party complaining knew the fact complained of at the time of or before the trial, or by the exercise of reasonable diligence might have known it.

It is true that the attorneys who represented Hecht Bros. Clothing Company, were aware of the fact that the attorney for defendants intended to call up the motions to assess damages, but if they were negligent in any respect in accepting service of the notice as attorneys for that company or in signing a stipulation to set aside a previous judgment that had been entered, such negligence can-

not be charged to one who was not a party of record, and who was not represented by counsel.

For, while it is true, as we held in Dezino v. Drozda (Mo. App.), 13 S. W. (2d) 659, that during the pendency of a case the attorneys of record, under the rule of the circuit court, may properly be served with pleadings, notices and other documents, that can only apply with reference to existing parties and cannot apply to a case where the party has died or when, in the case of a corporation, it has gone out of existence. [State ex rel. v. Riley, 219 Mo. l. c. 684, 118 S. W. 647; Teter v. Irwin, 69 W. Va. 200, Ann. Cases, 1913A 708, and note.]

In the case of Meramec Spring Park Co. v. Gibson, 268 Mo. l. c. 403, 188 S. W. 179, the court quotes with approval the following statement of the Supreme Court of California:

" 'It is settled beyond question that, except as otherwise provided by statute, the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued as a corporate body or in its corporate name. It is dead, and can no more be proceeded against as an existing corporation than could a natural person after his death. There is no one who can appear or act for it, and all actions pending against it are abated, and any judgment attempted to be given against it is void. As to this, all the text-writers agree, and their statement is supported by an overwhelming weight of authority.' "

In the case MacRae v. Piano Co., 69 Kansas, 457, 77 Pac. 94, in which the plaintiff, a Missouri corporation, was dissolved subsequent to the bringing of the action but the action proceeded in the name of the corporation without substitution of the trustees under our statute, the court said:

"The dissolution of a corporation operates, as to it, the same as the death of an individual; all its powers, prerogatives and authority—its life—ceased, and all legal proceedings then pending were at once suspended. At the common law this termination of corporate powers became so radical that a corporate debtor was entirely discharged of his obligation, and all actions by or against it were at once and forever abated; not even an execution on a judgment theretofore obtained could issue. [9 A: & E. Encycl. of L. (2 Ed.), 603; 10 Cyc. 1310.] It is only in virtue of some statute authorizing it or some principle of equity requiring it that these results may be avoided, or that pending proceedings may be further prosecuted, or judgments already rendered enforced. It is not necessary now to decide whether the bar of the statute had run upon a proceeding to revive this action in the name of the parties who, the statute says, may further prosecute it. It is sufficient to say that after the dissolution of the corporation such substitution, under authority of such statute and in pursuance of its terms, must be had in order

that the action may proceed. It could no longer be maintained in the name of the dissolved corporation. [Paola Town Co. v. Krutz, 22 Kan. 725; Eagle Chair Co. v. Kelsey, 23 id. 632.]"

In the case of Chicago R. I. & P. Ry. Co. v. Woodson, 110 Mo. App. l. c. 214, 85 S. W. 105, it was held that on the death of the plaintiff, the attorney who acted for him had no authority to suggest the death of the plaintiff so as to set in operation the limitation for reviving the cause.

In Lochrane v. Stewart, 8 Ky. L. R. 688, it was held that the relation of attorney and client terminated on the dissolution of the partnership which the attorney had represented.

In 6 C. J., p. 675, it is said:

"The death of the client, or, in the case of a corporation or partnership, its dissolution, vacates the power of the attorney, and the latter is neither required nor authorized to do anything further."

But defendants assert that the dissolution of the Hecht Bros. Clothing Company was not effective because of the pendency of the motions for damages upon the bonds in this case. It appears that on November 4, 1926, there was filed with the Secretary of State the affidavit of the President of the Hecht Bros. Clothing Company reciting that on the 25th day of February, 1926, by unanimous vote of the stockholders said corporation was duly dissolved and is no longer in existence and further reciting that all debts of said company and claims and bills against said company have been paid. This affidavit was filed under the provisions of amended section 9756 of the Revised Statutes (Laws of Misouri 1921, p. 264) which provides that, "Whenever, by unanimous vote of all the shareholders, a resolution shall be adopted favoring the dissolution of said corporation, after the payment of all debts, claims or bills, then said corporation may be dissolved without suit by filing an affidavit of dissolution with the Secretary of State, setting forth the above facts, and when said affidavit of dissolution is filed it shall be taken as prima-facie evidence of such voluntary dissolution."

Prior to the date of the amendment it was held by our Supreme Court that the particular provision as it then existed did "not authorize the stockholders to dissolve the corporation, but to adopt a resolution favoring a dissolution, upon which the dissolution may be accomplished by the judgment or decree of a circuit court, application for which must be made by petition, and notice given to all persons interested in such corporation, by summons" (Luehrmann v. Lincoln Trust & Title Co. (Mo.) 192 S. W. 1031). Thus it became necessary as to this provision of the section to follow the same procedure as was provided to effect dissolutions under the other provisions of section 9756.

Following this decision the Legislature amended the provision of section 9756 under consideration, by inserting the words "without suit."

To this amendment, it seems to us, can be ascribed but one purpose, i. e., to afford the stockholders of a corporation a simple method, when all should agree, to terminate the existence of a corporation, and thereby to fix the time when it might no longer perform the functions for which it was created and might not contract or be contracted with, and, therefore, the provision in the section that when the affidavit of dissolution is filed, it shall be taken as prima-facie evidence of such voluntary dissolution.

There is no provision in the statute for the giving of any notice of such dissolution and there is no provision for any investigaton as to the truth of the statements made in the affidavit, so that the dissolution is presumptively effected by the filing of the affidavit with the Secretary of State. [Kurre v. American Indemnity Co. (Mo. App.), 17 S. W. (2d) 1. c. 690.]

But defendants assert that the words "after the payment of all debts, claims or bills" constitutes their discharge a condition precedent to the adoption of the resolution. We cannot accept this interpretation. It would be almost impossible for the majority of corporations to designate a time when they might not be subject to a claim of some sort and, therefore, if they were compelled to abide a time when no claims could be asserted against them, the very purpose of the act in permitting dissolution without suit would be defeated. We think, rather, that the words quoted were intended in the nature of a declaration that the dissolution of the entity should not work a discharge of any debts, claims or bills which might exist against it at the time of the dissolution.

Section 9755, Revised Statutes 1919, provides that, "upon the dissolution of any corporation . . . the president and directors or managers of the affairs of said corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of such corporation, with full power to settle the affairs, collect the outstanding debts and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them, to sue for and recover such debts and property by the name of the trustees of such corporation, describing it by its corporate name, and may be sued by the same; and such trustees shall be jointly and severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands."

A consideration of the sections of the statute under consideration convinces us that the Legislature limited the amendment above

quoted to the two words "without suit" because it was deemed that sufficient protection was afforded to creditors and others by the provisions of section 9755. We think this must be the correct view, otherwise some provision would have been made to postpone the effective date of the dissolution, instead of making it effective from the date of the filing of the affidavit. Unless the effective date is as the statute provides, at the date of the filing of the affidavit, it would leave open in every case the question as to when the corporation ceased to existed. We do not think that the statute can be construed to bring about any such result.

The record does not show that the defendants made any effort to bring in the board of directors or managers of the Hecht Bros. Clothing Company as they might have done under the provisions of the statute above referred to.

In our view the circuit court was correct in setting aside the judgments of December 28, 1928, and the orders of that court entered on May 6, 1929, must, therefore, be and the same are hereby affirmed and the cause remanded to the circuit court. *Becker* and *Nipper, JJ.*, concur.