BADGER LUMBER COMPANY v. FRED W. GOODRICH, Appellant, and C. W. COREY, Cross-Petitioner and Respondent.—No. 39124.—184 S. W. (2d) 435.

Division One, December 4, 1944.

Rehearing Denied, January 2, 1945.

770

*W. H. H. Piatt* for appellant.

*Langworthy, Matz & Linde* and *E. F. Halstead* for respondent Badger Lumber Company.

*V. E. Phillips* and *Guy M. Boyer* for respondent C. W. Corey.

772

 BRADLEY, C.—The present cause is based on a petition or motion by Fred W. Goodrich in the nature of a writ of error coram nobis to vacate the judgment in a mechanic's lien suit in the circuit court of Jackson County. The judgment sought to be vacated was entered December 22, 1941, and the motion to set aside was filed January 13, 1944. Relief was denied and Goodrich appealed.

 Counsel for respondent Corey say that this appeal does not lie to the supreme court. It is argued that mechanics' liens only are involved and not title, and that the amount in dispute is the amount of the mechanics' liens, a total of $397.92, plus interest. It will not be necessary to determine the question of jurisdiction on title and amount in dispute, but as to the latter we might say that appellant contends that the amount in dispute is the value of the involved lot and building, a three-story and basement brick and stucco apartment, and the value, according to appellant is from $10,000 to $14,000, and rents, so stated, for $220 per month. It is not contended that the value of the property is not as appellant suggests, but the point is that *value* is not shown by the evidence. But one of the grounds upon which appellant commenced this proceeding, and on which, with others, he still stands, is that the manner of obtaining the judgment he seeks to set aside was a denial to him of due process in violation of Sec. 30, Art. 2, Constitution of Missouri, and the due process clause of the 14th Amendment, Constitution of the United States. Jurisdiction of the appeal is in the supreme court. Aufderheide et al. v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 4 S. W. (2d) 776, l. c. 799; Clutter v. Blankenship et al., 346 Mo. 961, 144 S. W. (2d) 119, l. c. 120; Fisk v. Wellsville Fire Brick Co., 348 Mo. 73, 152 S. W. (2d) 113, l. c. 115. Denial of due process was one of the grounds of complaint in Hecht Bros. Clothing Co. et al. v. Walker et al., 224 Mo. App. 1156, 35 S. W. (2d) 372, a coram nobis proceeding to set aside a judgment, and the appeal was entertained by the St. Louis Court of Appeals, but the question of jurisdiction was not raised.

August 14, 1939, the trustees of Class B Assets of the Jackson County Savings & Loan Association conveyed (deed recorded August 29, 1939) to Charles T. Altis, lot 13, block 3, Logan Park Addition, Kansas City, and known as 4644-46 Virginia Avenue, upon which lot was the apartment building mentioned. Though conveyed to Altis, appellant was the purchaser, and on August 15, 1939, Altis and wife, Eulah E., conveyed the property by warranty deed to appellant. This deed was recorded September 16, 1940. August 15, 1939, but prior to their deed to appellant, Altis and wife gave a deed of trust (recorded August 29, 1939) on the property to Kansas City Title & Trust Company, trustee, to secure their $7500 note payable to appellant. It is alleged in a pleading filed by the trustee in suit No. 472942 (see infra) that this note, on August 29, 1939, was

endorsed and delivered to the Riverview State Bank, Kansas City, Kansas.

October 4, 1939, appellant employed respondent C. W. Corey, a carpenter, to make repairs on the apartment building, and from October 8, 1939, to May 11, 1940, both inclusive, Corey put in 1118 hours at repair work on the building and for which he charged 60 cents per hour. Over the period Corey furnished materials amounting to $4.24, and his total bill was $675.04. From October 11, 1939, to May 3, 1940, both inclusive, appellant paid Corey on this bill the sum of $425.00, leaving a balance due, according to Corey, of $250.04. Appellant obtained the material for the repairs, except the small amount furnished by Corey, from respondent Badger Lumber Company, and from October 4, 1939, to April 20, 1940, both inclusive, the Badger Lumber Company furnished material amounting to $313.30. Credits were given on this account for cash payments by appellant and for material returned, so that on April 20, 1940, there was a balance due, according to Badger, of $147.88.

August 13, 1940, Corey filed in the office of the clerk of the circuit court a mechanic's lien claim against appellant and the apartment property for $250.04, and on August 21, 1940, he filed suit No. 472942 returnable to the September 1940 term of the circuit court to enforce the lien. Defendants in Corey's suit were Fred W. Goodrich, appellant here, Charles T. Altis, Eulah E. Altis, his wife, and the Kansas City Title & Trust Company, trustee in the deed of trust. September 11, 1940, the third day of the September 1940 term, appellant and the Altises filed separate answers to Corey's suit. Harding, Murphy & Tucker, attorneys, prepared and filed these answers. February 11, 1943, the trustee, Kansas City Title & Trust Company, filed answer in the Corey suit.

October 3, 1940, Badger Lumber Company filed in the office of the clerk of the circuit court a mechanic's lien claim against appellant and the apartment property for $147.88, and on December 30, 1940, Badger filed suit No. 475369, returnable to the March 1941 term of the circuit court to enforce its lien. Defendants in the Badger suit were Fred W. Goodrich, appellant here, and C. W. Corey, respondent here. The Altises and the trustee in the deed of trust were not made parties. Appellant was personally served in the Badger suit, but a non est return was made as to Corey. March 12, 1941, third day of the term, appellant, by his attorneys, Harding, Murphy & Tucker, filed answer in the Badger suit. March 13, 1941, the fourth day of the term, Corey, by his attorney, Guy M. Boyer, filed what is termed a cross petition in the Badger suit. The cross petition was against appellant, a codefendant of Corey, and the apartment property, and was based on the same lien claim as in suit No. 472942 filed by Corey. No copy of the cross petition was served on appellant or his attorneys.

So far as appears, nothing further occurred until October 20, 1941. On that date Harding, Murphy & Tucker withdrew as attorneys for appellant and the Altises in the Corey suit, No. 472942, and on October 29, 1941, they withdrew as attorneys for appellant in the Badger suit, No. 475369. The next step was that Boyer, attorney for Corey, signed (when is not clear) a listing card addressed to the clerk of the assignment division requesting the listing of the Badger suit for trial and stating, on the card, that the case was ''at issue and ready for trial.'' November 24, 1941, Boyer made an affidavit reciting that he, on that day, *served* the listing card on appellant ''by leaving a copy of same with the lady in charge of his office in the absence of Mr. Goodrich.'' Appellant, it seems, had a desk in the room where ''the lady in charge'' worked, but he testified that she did not represent him; did not work for him and that he never received nor saw the listing card. He said, however, that this woman occasionally ''took word or information that people would leave'' for him.

The Badger suit was assigned out for trial. On December 22, 1941, there was filed in the case an affidavit by Mr. Boyer (Corey's attorney) that appellant was not ''in the armed forces of the United States'', and on the same day, December 22, 1941, the case was heard. Badger and its then attorney, Arthur E. Johnson, and Corey and one of his attorneys, Mr. Boyer, appeared, but appellant did not appear. The court, after hearing, rendered judgment against appellant on Badger's lien claim pleaded in Badger's petition, and also rendered judgment against appellant on Corey's lien claim pleaded in the cross petition. These judgments were for the respective amounts claimed in the liens filed, plus interest and costs, including costs in the Corey suit, No. 472942, and the judgments were made special liens upon the apartment lot and building. Execution was issued, the apartment lot and building levied on; publication made in the Daily Record, Kansas City, and the apartment property sold by the sheriff July 3, 1942, for $550.00. According to the sheriff's report of sale the property was sold to Frank L. Cohn, but David H. Bresler and wife sought to intervene at the hearing on the present motion, claiming that they were the owners of the apartment property ''by virtue of purchase at an execution sale under the decree rendered in this cause.'' Mr. Bresler was one of Corey's attorneys in the proceedings resulting in the judgment here assailed.

Appellant makes several separate complaints. Among these are: (1) That to enter the judgment against him on Corey's cross petition, without service of copy thereof on him, was a denial of due process and makes void the whole judgment; and (2) that the whole judgment is a nullity and void because Altis and wife, and the Kansas City Title & Trust Company, trustee in the deed of trust, were not made parties defendant, which appellant says was necessary under

Sec. 3571, R. S. 1939, Mo. R. S. A. 3571, to give jurisdiction to adjust liens.

Sec. 1267, R. S. 1939, Mo. R. S. A., Sec. 1267, provides that "judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered." This section "contemplates an assault upon an irregularity patent on the record", but "the motion in the nature of a writ of coram nobis contemplates an assault upon an error of fact dehors the record." The error or errors of fact "must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure." Crabtree et al. v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S. W. (2d) 103, l. c. 106, and authorities there cited. See also, Kings Lake Drainage District v. Winkelmeyer, 228 Mo. App. 1102, 62 S. W. (2d) 1101, l. c. 1103; State ex rel. Caplow v. Kirkwood (Mo. App.), 117 S. W. (2d) 652, l. c. 654; 31 Am. Jur., Judgments, Secs. 798-812; 34 C. J., Secs. 601-629, pp. 390-402.

Corey's suit No. 472942, as appears, was filed August 21, 1940, and was to enforce his lien only, and was not under the equitable mechanic's lien action statute. See Sec. 3572, R. S. 1939, Mo. R. S. A., Sec. 3572. But the Badger suit, No. 475369, the one involved here, was under the equitable action statute which requires that all claimed liens against the real estate involved be determined in one action. Mackland Investment Co. v. Ferry, 341 Mo. 493, 108 S. W. (2d) 21, l. c. 24. Under the equitable action statute, what is here termed a cross petition, is common and proper. Early v. Smallwood, 302 Mo. 92, 256 S. W. 1053; Lee & Boutell Co. v. C. A. Brockett Cement Co. et. al., 341 Mo. 95, 106 S. W. (2d) 451.

Where there is only one mechanic's lien claimant seeking to enforce his lien, he of course is required, where personal service may be had, unless such is waived, to serve a copy of his petition upon the owner, and the equitable action statute makes no provision for the omission of such service merely because a lien claimant and owner are joined as defendants in an action by another lien claimant. In Corey's brief it is stated: "The court had jurisdiction to enter the equity mechanic's lien decree because the cross petition of Corey was germane to plaintiff's petition and no service of the Corey cross petition on Goodrich was necessary." As supporting such contention these authorities are cited: Martin et al. v. Jones et al., 286 Mo. 574, 228 S. W. 1051; Crawford v. Amusement Syndicate Co. et al. (Mo. Sup.), 37 S. W. (2d) 581; Jones v. Jones, 325 Mo. 1037, 30 S. W. (2d) 49; Early v. Smallwood et al., supra; 49 C. J., p. 314, Sec. 385. Neither the text or cases cited, except the Early case, deal with mechanics' lien cases, but deal with cases where a defendant cross com-

plains against a plaintiff. And while the Early case is an equitable mechanic's lien case, nothing is said in that case on the subject of it not being necessary for a lien claiming defendant, in an equitable mechanic's ▮▮▮ lien suit, to serve copy of his cross petition on the codefendant owner.

▮▮ In his answer in the Badger suit, appellant denied that he owed Badger and in his answer in suit No. 472942, filed by Corey, he alleged that he hired Corey as a laborer "on a day to day basis to perform certain work for him" and that he had paid Corey "in full for all labor performed by him." On the stand at the hearing of the present motion and on interrogation by the court as to whether he had paid Corey in full, appellant was equivocal, somewhat evasive, and in effect, conceded that he had not. But whether he owed or did not owe the lien claimants or either of them, was not an issue in the trial on the motion. In other words, the merits were not triable on the hearing of the motion. Kings Lake Drainage Dist. v. Winkelmeyer, supra. In that case it is said [62 S. W. (2d) l. c. 1103]: "The writ (coram nobis) . . . lies not for some unknown fact going to the merits of the cause, but for some unknown fact going to the right of the court to proceed, and which entirely defeats the power of the court to attain a valid result in the proceeding." Many cases are cited.

The hearing on the coram nobis motion was on February 11, 1944, but no ruling was made until March 15, 1944. In making up his mind it seems that the trial court gave considerable weight to the notion that perhaps the lien claimants were *entitled* to the judgment entered, and that omission to serve copy of the cross petition did not cause any real wrong. In a letter dated March 14, 1944, and addressed to Mr. Piatt, appellant's counsel in the motion proceedings, and to Mr. Boyer, the court said: "Nothing that came out of the hearing before me has convinced me that an improper result was obtained or that a different result would be justified had there or should there be a contested hearing of the issues." Also, it seems that the court gave considerable weight to appellant's negligence in the matter (see infra).

▮▮ In the Badger suit petition it is alleged that "C. W. Corey filed a mechanic's lien against said property on August 13, 1940, in the sum of $250.04 and for that reason he is made a party to this suit, that his claim may be adjudicated in this action." It is suggested, if not specifically contended, that the fact that Badger so pleaded, and that appellant was served with a copy of the petition in the Corey suit, would cure the omission to serve him with a copy of the cross petition in the Badger suit. In the brief is this: "Goodrich was already apprised of the fact that Corey was claiming a lien against the property because it was set out in plaintiff's (Badger's) petition and Goodrich had denied that allegation. Goodrich had also been served

with a copy of the petition and writ in the separate suit of Corey (suit No. 472942) long before this equity suit was filed and he had filed an answer in that separate suit. Consequently Goodrich was not taken by surprise nor can he successfully refute the allegation that Corey's claim was germane to plaintiff's petition and an adjudication thereon was necessary to a complete determination of the action.'' No authority is cited to support the notion that such would cure the omission to serve appellant or his attorneys with a copy of the cross petition, and we find no such authority.

Relief by the coram nobis principle has been sparingly granted as will be seen by reference to the cases cited in the Kings Lake Drainage District case [62 S. W. (2d) l. c. 1103], but so far as our research reveals such character of relief has not been denied where a judgment defendant has not been served with process, and failure to serve appellant, a codefendant of Corey, with a copy of the cross petition is quite similar to, if not, in effect, the same as failure to serve process.

In the Crabtree case, supra [111 S. W. (2d) 103] the coram nobis principle was applied to set aside a judgment against a foreign insurance company because of a defective sheriff's return of service upon the Superintendent of Insurance. In Hecht Bros. Clothing Co. et al. v. Walker et al., 224 Mo. App. 1156, 35 S. W. (2d) 372, the coram nobis principle was applied to set aside a judgment against a dissolved corporation on an injunction bond because notice of the motion to assess damages on the bond was not served on the successor corporation which had assumed the obligations of the dissolved corporation. In Craig et al. v. Smith et al., 65 Mo. 536, the coram nobis principle was applied to set aside a judgment where a judgment defendant had not been served with process.

The subject of negligence was mentioned, supra. And it is the rule that a motion in the nature of a writ of coram nobis will not lie to grant relief from a result due to the negligence of the complaining party, Kings Lake Drainage District v. Winkelmeyer, supra. It is suggested that appellant's failure to appear in the Badger case and present his defense, if any he had, to the claimed liens should preclude relief on the motion. Of course appellant could not complain so far as concerns the Badger wing of the judgment if that wing were separable. He was served with copy of Badger's petition and filed answer to Badger's claim. The trial court, in denying relief, said: ''There is no contention on the part of Mr. Corey (Goodrich) that he knew nothing about the withdrawal of his attorneys, and I assume that he was given the customary notice by the high class attorneys he had of their withdrawal.'' The withdrawing attorneys, of course, are high class, and may have notified appellant of their withdrawal, but proof thereof was not made. But if it be conceded

that appellant was given notice of the withdrawal of his attorneys, should such cure the failure of Corey to serve him with a copy of the cross petition? We do not think so. It is pointed out in the Kings Lake Drainage District case, supra, that relief by the coram nobis motion will not be granted where the party complaining knew of the matter complained of or by the exercise of reasonable diligence could have known. Appellant, of course, could have gone to the court house and ascertained that Corey had filed his cross petition. The cross petition, as stated, was filed March 13, 1941, and appellant's attorneys did not withdraw in the Badger case until October 29, 1941. So his attorneys, too, might have gone to the court house and ascertained that the cross petition was filed. But was there a duty on appellant or his attorneys to do this? We do not think so. No more than there would be on one against whom a petition was filed and process issued, but not served, to go to the court house to ascertain if a petition was filed. No case is cited and we do not believe there is a case holding that such negligence as appellant was guilty of would cure the failure to serve him with a copy of the cross petition.

We do not mean to imply that process should have issued on the cross petition and service made by the sheriff, but we do mean that appellant should have been served by Cory or his counsel with a copy of the cross petition and given reasonable time to answer. Failure to so proceed was a denial of due process.

We do not think that the failure to make the Altises and the Kansas City Title & Trust Company, trustee in the deed of trust, defendants in the Badger suit is such a defect that relief can be granted by the coram nobis principle, hence we do not rule the question as to whether or not the Altises and said trustee were necessary parties. For a somewhat extensive and able discussion of the application of the coram nobis principle see Hadley et al. v. Bernero et al., 103 Mo. App. 549, 78 S. W. 64.

The Badger Lumber Company is not at fault, and should not be compelled to retry its cause. The judgment on the petition or motion in the nature of a writ of error coram nobis should be reversed and the cause remanded with directions to the trial court to sustain the petition or motion in the nature of a writ of error coram nobis and set aside the judgment in favor of the respondent Badger Lumber Company and the judgment in favor of respondent Corey and to hold in abeyance the finding in favor of the Badger Lumber Company until the claim of Corey is determined, and then enter judgment on the finding in favor of the Badger Lumber Company and enter such judgment on the Corey claim as may be determined. It is so ordered. See Yerger v. Smith et al., 338 Mo. 140, 89 S. W. (2d) 66, 1. c. 78;

Lambert v. Jones et al., 339 Mo. 677, 98 S. W. (2d) 752, l. c. 760. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.