CITY OF KANSAS, Respondent, v. JOHN ZAHNER, Appellant.

Kansas City Court of Appeals, January 24, 1898.

1. **Police Courts**: INFORMATION: PLEADING. An information describing the offense in the language of the ordinance is sufficient.

2. ———: ———: DEMURRER TO THE EVIDENCE. The evidence relating to a sale of a policy or lottery ticket was sufficient to send this case to the jury.

3. **Kansas City**: LOTTERY ORDINANCE. A Kansas City ordinance relating to the sale of lottery tickets is consistent with the laws of the state relating to the same subject-matter.

4. ———: FREEHOLDERS' CHARTER: FIRST CLASS CITIES. The statute relating to cities of the first class is inapplicable to Kansas City since it has a special charter.

5. **Jurisdiction**: KANSAS CITY POLICE COURT: CRIMINAL COURT. The Jackson county criminal court has jurisdiction of an appeal from the police court of Kansas City on a conviction for selling lottery tickets.

*Appeal from the Jackson Criminal Court.*—HON. JOHN W. WOFFORD, Judge.

AFFIRMED.

*T. B. Buckner*, *L. F. Bird* and *Rush C. Lake* for appellant.

(1)   The court erred in overruling the motion of the defendant to quash the information. Bill of Rights, sec. 22.   (2)   The court erred in overruling the demurrer of the defendant to the evidence of the plaintiff. *State v. Williams*, 44 Mo. App. 302.   (3) The ordinance is inconsistent with the state law on the same question. R. S. 1889, sec. 3833; Const., art. 9, sec. 16; R. S. 1889, sec. 1902; *Petersburg v. Metzger*, 21 Ill. 204; *Landis v. Boerugh of Vineland*, 23 Atl. Rep. 357; *Ex parte Solomon*, 27 Pac. Rep. 757; *In re At Yon*, 25 Pac. Rep. 974; Const., art. 9, secs. 7 and 16; R. S. 1889, sec. 972; R. S. 1889, subs. 5 and 14, sec. 1029; Kansas City Charter, sec. 1, art. 3, subs. 10, 31 and 32; *Savannah v. Hussey*, 21 Ga. 80, 86; *Jenkins v. Thomasville*, 35 Ga. 145, 147; *Vason v. Augusta*, 38 Ga. 542; *Reich v. State*, 53 Ga. 73; 73 Cal. 142; *Washington v. Hammond*, 76 N. C. 33, 35; *State v. Brittain*, 89 N. C. 575; *State v. Keith*, 94 N. C. 934; *Foster v. Brown*, 55 Iowa, 686; *New Hampton v. Courry*, 56 Iowa, 499; *Mt. Pleasant v. Breese*, 11 Iowa, 399; *Ex parte Smith*, Hempst. (Ark.) 201, 202; *Ex parte Burgois*, 60 Miss. 670; *In re Lee Tony*, 9 Sawy. 334, 341; *Indianapolis v. Blythe*, 2 Ind. 75; *Madison v. Hatcher*, 8 Blackf. 341; *Slaughter v. People*, 2 Dougl. 335; *New Orleans v. Miller*, 7 La. Ann. 651; *Southport v. Ogden*, 23 Conn. 128, 132; *State v. Welch*, 36 Conn. 217; *People v. Brown*, 2 Utah, 462; *In re Rulfs*, 30 Kan. 760;

*Murphy v. Jacksonville*, 18 Fla. 318; Dill. Mun. Corp. [4 Ed.], secs. 368 and 433, note 1; Cooley, Const. Lim., p. 199. Bishop, State Crimes, sec. 22; *State v. Beattie*, 16 Mo. App. 143; *Jefferson City v. Courtmire*, 9 Mo. 692; *State v. Cowan*, 29 Mo. 335. (4) The ordinance was not passed in accordance with the provisions of the first-class city act. R. S. 1889, secs. 1015, 1016, 1019, 1025 and 1056; Kansas City Charter, sec. 6, art. 3; Kansas City Charter, sec. 14, art. 2; Const., secs. 7 and 16, art. 9; *Murnane v. St. Louis*, 27 S. W. Rep. 711; *Singleton v. Eureka Co.*, 35 Pac. Rep. (Nev.) 834. (5) The court erred in overruling the objection of the defendant to the jurisdiction, on appeal of the criminal court of Jackson county. R. S. 1889, sec. 4056.

*C. E. Burnham* for respondent.

(1) The court committed no error in overruling defendant's motion to quash the information. *State v. Keenon*, 21 Mo. 262; *France v. State*, 6 Baxter (Tenn.), 478; *Commonwealth v. Hooper*, 5 Pick. 42; *State v. Fallet*, 6 N. H. 63; *State v. Conrad*, 21 Mo. 271; *State v. McWilliams*, 7 Mo. App. 102; *State v. Ochsner*, 9 Mo. App. 216. (2) The court properly overruled defendant's demurrer to the evidence. *State v. Rothschild*, 19 Mo. App. 138; *State v. Williams*, 44 Mo. App. 302; *State v. Willis*, 1 New Eng. Rep. 663; 78 Main. 70; 3 L. R. A. 404; *State v. Kenon*, 21 Mo. 262. (3) Clearly the provisions of the ordinance are within the powers granted by the charter. *St. Louis v. Schoenbusch*, 95 Mo. 621; R. S. 1879, secs. 1375, 1377; *Linneus v. Dusky*, 19 Mo. App. 20; *De Soto v. Brown*, 44 Mo. App. 152; *St. Louis v. Cofferata*, 24 Mo. 94; *St. Louis v. Vert*, 84 Mo. 209; *Mayor v. Allaire*, 14 Ala. 400; *Pekin v. Smelzel*, 21 Ill. 464, 469; *Baldwin v. Murphy*, 82 Ill.

486; *Dietz v. Central,* 1 Col. 323. (3) Justice Cooley also says (Const. Lim. 199): "That the clear weight of authority is that the same act may constitute an offense both against the state and against the municipal corporation and both may punish without a violation of any constitutional principle." That the jurisdiction is concurrent is too well settled in our state for further comment. *St. Louis v. Bentz,* 11 Mo. 61; *St. Louis v. Cafferata,* 24 Mo. 94; *Independence v. Moore,* 32 Mo. 392; *St. Louis v. Schoenbusch,* 95 Mo. 618; Horr & Bemis, Mun. Pol. Ord., sec. 89, p. 78; Bish. Crim. Law, sec. 897a; Bish. State Crim., sec. 23 and 25. Ordinances passed at special session of the Kansas City council, called together privately by telephone messages have been held valid. *McQuiddy v. Vineyard,* 60 Mo. App. 619; *Forry v. Ridge,* 56 Mo. App. 615. (4) The police court had jurisdiction of this case, and likewise the criminal court on appeal—section 4056 of Revised Statutes has no application. *Kansas City v. Hallett,* 59 Mo. App. 160.

SMITH, P. J.—The defendant was prosecuted and convicted for the violation of ordinance of Kansas City "relating to the sale, exposing to sale, or advertising for sale or any way participating in the sale of policy or lottery tickets," and numbered 5852.

I. The information described the offense in the language of the ordinance. It is now well settled in this state that in actions of this kind that is sufficient.

POLICE courts: information: pleading.

*St. Louis v. Weitzell,* 130 Mo. 600; *Trenton v. Devorss,* 70 Mo. App. 8. Hence it follows that the lower court did not err in overruling the defendant's objection to the introduction of any evidence under the information.

II. There was no error committed in overruling the defendant's demurrer to the evidence. The evi-

—: —: de-
murrer to the
evidence.
dence tending to prove a sale was quite ample. It was substantially the same as that in the analogous case of the *State v. Rothschild*, 19 Mo. App. 138, where it was held that the transaction disclosed was a sale of a policy ticket.

III.   The defendant further complains of the action of the court in permitting the ordinance, referred to at the outset, to be read in evidence for the

Kansas City: lot-
tery ordinance.
reason that it is invalid.   He insists as a ground of invalidity that it is not consistent with and subject to the laws of the state on the same subject.   It is a sufficient answer to this contention to say that in the recent case of *Kansas City v. Hallett*, 59 Mo. App. 160, the identical point here urged was there, after very careful consideration, determined adversely to the defendant's contention.

IV.   It is defendant's further contention that the ordinance is invalid for the reason that it was not

—: freeholders'
charter: first
class cities
passed in accordance with the provisions of the statute relating to cities of the first class.   R. S., secs. 1016, 1056.   Kansas City is not a city of the first class.   It is governed by a special charter.   Sess. Acts 1887, p. 43, sec. 2; State Const., art. 9, sec. 16.   This is well settled.   *Kansas City v. Field*, 99 Mo. 352; *Kansas City v. Scarritt*, 29 S. W. Rep. 848.   The statute relating to cities of the first class is therefore inapplicable to it.

V.   The defendant further objects that the criminal court of Jackson county, to which the case was appealed

JURISDICTION:
Kansas City
police court:
criminal court.
from the police court of Kansas City, was without jurisdiction; and for that reason the appeal should be dismissed.   A like assault was made on the judgment in the case of *Kansas City v. Hallett*, *ante*, and held to be groundless.

The judgment must be affirmed.   All concur.