**VEAL et al. v. LEIMKUEHLER et al.**

No. 29009.

St. Louis Court of Appeals.
Missouri.

April 20, 1954.

Motion for Rehearing or to Transfer
to Supreme Court Denied
May 17, 1954.

Ackerman &. Schiller, Clayton, Timothy R. Veal, St. Louis, for appellants.

Alphonse Lynch and Theodore McMillian, St. Louis, for intervenors.

Samuel H. Liberman, City Counselor, John J. Shanahan, Associate City Counselor, St. Louis, for respondents.

ANDERSON, Presiding Judge.

This is an appeal from a final judgment of the Circuit Court dismissing appellants' motion in the nature of a writ of error coram nobis to set aside an adverse judgment.

The judgment sought to be set aside was one affirming an order of the Board of Adjustment of the City of St. Louis which revoked an alteration permit granted by the building commissioner to, appellants, Timothy and Olivette Veal. This judgment was affirmed by this court—Veal v. Leimkuehler, 249 S.W.2d 491.

Appellants are the owners of property located at 4311 Page Boulevard in St. Louis. On March 6, 1950, appellants made application to the building commissioner for a permit to alter the building on said premises, and for a permit to occupy the building as a funeral home. At that time, under Zoning Ordinance No. 35003, as amended by Ordinance No. 35009, effective May 26, 1926, the property was zoned for commercial use. On April 25, 1950, Ordinance No. 45309, a new zoning ordinance, was approved, to become effective thirty days thereafter. Under said ordinance the property was re-zoned and classified as "C" four-family dwelling district. On May 13, 1950, the building commissioner

issued to appellants Alteration Permit No. S 4566, and Occupancy Permit No. S. 4567, which granted appellants permission to alter their said building and occupy same for use as a funeral home. Thereafter, and on August 17, 1950, Block Unit No. 48 filed an appeal to the Board of Adjustment seeking revocation of Permit No. S 4566. A hearing thereon was held on September 13, 1950, which resulted in an order revoking said Permit No. S 4566. A rehearing was held on September 27th, and on October 25th the Board affirmed the order of September 13, 1950, revoking said permit. A summary of the evidence adduced at these hearings is contained in our former opinion. Veal v. Leimkuehler, 249 S.W.2d, loc. cit. 493–494. The Board ruled that "the 1950 ordinance has placed this property in the 'C' four-family dwelling district, and the holder of the permit has not expended an appreciable sum of money to carry out the work for which it was issued, and has not established non-conforming use. To allow the permit to remain in force would be a distinct detriment to this predominantly residential neighborhood."

Thereafter, appellants applied to the Circuit Court for certiorari, their petition praying that the Board's order be reversed on the grounds: (1) that petitioners had a lawful non-conforming use on the effective date of the new zoning ordinance; (2) of undue hardship; and (3) that the order violated Article 1, Sections 10 and 13 of the Missouri Constitution, V.A.M.S. and, the Fourteenth Amendment to the Federal Constitution. The Board filed a return, attaching thereto a transcript of the proceedings had before the Board, and alleging that the said permit was properly and lawfully revoked.

The cause was submitted to the court on the pleadings. The court thereafter entered its judgment affirming the order of the Board, which judgment, as heretofore stated, was affirmed by this court.

The issue tried before the Board of Adjustment was whether appellants had acquired a vested right to the continued enjoyment of the permit by making and contracting for substantial expenditures in reliance thereon, and whether they had established a non-conforming use prior to the effective date of the new zoning ordinance.

By their motion, in the nature of a writ of error coram nobis, it is averred that the Board of Adjustment, by virtue of the provisions of the zoning ordinance and the building code of the City of St. Louis, did not have jurisdiction to revoke either a building permit or certificate of occupancy lawfully issued; and that the court, had it been apprised of the applicable ordinances, would have set aside the decision of the Board.

The sections of the building code relied on by appellants, and introduced at the hearing on the motion, are as follows:

"Section 27. Permits required—Except for minor repairs as hereinafter defined no sign, booth, structure, devise, apparatus or equipment of any nature which is governed by the requirements of this Code, shall be installed, altered, repaired, erected, moved, removed, or demolished, until application for permit therefor shall have been made to and approved by the building commissioner or designated official and a permit issued by him after inspection of the premises, if he deems such necessary. * * *."

"Section 28. Compliance with zoning ordinance required. No permit shall be issued for the erection of any structure until application for a certificate of occupancy or use shall have been filed with the building commissioner and approved by him as covering an occupancy for use complying with the requirements of the zoning ordinance and of this Code, nor shall such structure be occupied or used prior to the issuance of such certificate."

"Section 29. Change in occupancy. There shall be no change in the type of occupancy of any structure except

in accordance with the provisions of this Code. No change shall be made in the type of occupancy group of any structure which will increase the floor loads or the number of persons or families permitted therein, until the building commissioner, upon application therefor, shall have made a special inspection and issued a new permit for such change in type of occupancy."

"Section 34. Time limits or extension of permits.—Except where work under the terms of any permit shall have been begun and pursued with reasonable continuity within one year of the date thereof, and except where the building commissioner, or designated official, shall deem it proper to extend the period thereof, such permit shall expire by limitation within one year from the date of issue or approval thereof."

"Section 270. Zoning ordinance. The term zoning ordinance shall for the purpose of this Code be deemed to include all zoning ordinances and amendments in effect in the city at the time of application for any permit required by this Code."

Respondents filed a motion to dismiss appellants' motion, on the grounds that: "(1) Said motion attempts to secure review of questions of law, and the determination of the trial court thereon, which are matters outside the scope of a writ of error coram nobis; (2) That all matters and issues raised in the motion were in issue and adjudicated at the trial of this cause, and are not properly subject to a motion to set aside judgment in the nature of a writ of error coram nobis; (3) That the respondent Board acted within its jurisdiction and authority in issuing its ruling in the above cause; that said determination was affirmed by the Circuit Court and St. Louis Court of Appeals and may not now be disturbed by a motion seeking a reexamination of the merits of the cause." This motion was sustained by the court at the time it entered its order dismissing appellants' motion.

It is urged by the appellants that the Board of Adjustment had no jurisdiction to revoke the permit in question and, since the Circuit Court had no greater powers than those possessed by the Board, the judgment should be set aside and a new judgment entered setting aside the order of the Board.

■ A mistake as to the existence of a fact on which jurisdiction to proceed depends, the defect not appearing on the face of the record, is ground for a writ of error coram nobis. Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S.W.2d 435; City of St. Louis v. Franklin Bank, 351 Mo. 688, 173 S.W.2d 837; Crabtree v Ætna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103.

■ The writ will not issue to correct errors of law. Spotts v. Spotts, 331 Mo. 942, 55 S.W.2d 984; Townsend v. Boatmen's Nat. Bank, Mo.App., 148 S.W.2d 85; State ex rel. Caplow v. Kirkwood, Mo. App., 117 S.W.2d 652; Hecht Bros. Clothing Co. v. Walker, 224 Mo.App. 1156, 35 S.W.2d 372; Haines v. Jeffrey Mfg. Co., Mo.App., 31 S.W.2d 269; Mefford v. Mefford, Mo.App., 26 S.W.2d 804. Nor will the writ lie to set aside a judgment for defenses that were available at the trial. The scope of the writ has been described by this court in Townsend v. Boatmen's Nat. Bank, Mo.App., 148 S.W.2d 85, loc. cit. 87, as follows:

"It lies for error of fact not appearing on the face of the record, which fact was unknown to the court, and which, if it had been known, would have prevented the rendition and entry of the judgment. The court will not look into the cause of action on which the judgment was rendered, or consider any facts which were in issue and adjudicated, or which might have been presented to the court, on the trial of the cause. The unknown fact to authorize the writ must be of such a character as would, if known, disable the court from rendering the judgment. In other words, the writ lies not

for some unknown fact going to the merits of the cause, but for some unknown fact going to the right of the court to proceed, and which defeats the power of the court to attain a valid result in the proceeding. So, it has been held that the writ lies to vacate or correct judgments obtained against minors, married women, slaves, deceased persons, or insane persons, or upon unauthorized appearance of counsel."

Section 19–D of Ordinance No. 45309, adopted pursuant to Sections 89.010–89.140 RSMo 1949, V.A.M.S., provides that the Board of Adjustment shall have the following power:

"To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the Building Commissioner or the Board of Public Service in the enforcement of this ordinance."

■ The appeal in the original proceeding was from the action of the building commissioner in refusing to revoke permits for the establishment of a commercial use in a residential district, in violation of Section 5A(1) of Ordinance No. 45309. It thus appears that the Board had jurisdiction over the subject matter. Jurisdiction over the parties is not questioned. It would, therefore, appear that the Board had jurisdiction to proceed. But appellants contend that, under the building code, the Board did not have jurisdiction to render the particular decision, and that the trial court would not have affirmed the judgment had it known of the provisions of the building code. On that basis, it is urged the motion should have been sustained. To this we cannot agree, for the reason that such action would amount to nothing more than the use of the motion in the nature of a writ of error coram nobis to correct errors of law, which is not permissible under the foregoing authorities.

■ Another reason why appellants' motion is not available in this case is on account of the requirement that the un-

known facts presented, as a basis for correction of the judgment, must have been such as could not have been known by the exercise of reasonable diligence.

The alleged "facts" which appellants seek to have considered are provisions of the building code, which were in effect prior to the institution of the original proceedings before the Board of Adjustment. No explanation is offered, nor does any valid reason appear from the record, why such provisions were not offered in evidence at the hearing before the Board of Adjustment or at the hearing in the Circuit Court.

For the reasons stated, the judgment is affirmed.

BENNICK, J., and BROADDUS, Special Judge, concur.