**Milton LEOFFLER, Appellant,**

v.

**KANSAS CITY, Missouri, Respondent.**

**No. 25660.**

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1972.

Charles C. Shafer, Jr., Howard Chamberlin, Kansas City, for appellant.

Carrol C. Kennett, Kansas City, for respondent.

DIXON, Judge.

Plaintiff, appellant here, seeks damages for fire loss occurring as a result of acts of mob violence in Kansas City on April 10, 1968. The plaintiff's petition was grounded on Section 537.140 V.A.M.S., which states:

"Any city of the first class or of the second class in which such acts [unlawful or riotous assembly] shall be committed shall be liable to the person or persons whose properties shall be destroyed or injured thereby, for the value of the properties so destroyed, or the damage thereto, and the same may be recovered by suit at law, without joining any person or persons with said city or town as defendants in said suit." (Brackets added)

The trial court dismissed plaintiff's petition, holding the statute inapplicable to the City of Kansas City. We affirm the trial

court. Plaintiff seeks reversal of the trial court on alternative grounds. First, that Kansas City being a city containing more than one hundred thousand (100,000) persons is thereby a first class city and subject to the statute relied upon. Second, that even if not a first class city, Kansas City being under the charter form of government, is by Article VI, Section 19, of the Constitution of the State of Missouri, V.A.M.S., required to "frame and adopt a charter for its own government, consistent with and subject to the constitution and laws of the state". Section 537.140 being a part of the laws of the state, is applicable to the City of Kansas City.

It is a sufficient answer to both plaintiff's positions, that the enactment of a charter "automatically superseded the statutory provisions for the government of cities of the class into which, by its population, the Legislature had placed Kansas City". McGhee v. Walsh, 249 Mo. 266, 155 S.W. 445 (1913), 1. c. 448, and cases therein cited. The language of the McGhee case, supra, has been consistently applied in refusing the application of statutes to constitutionally chartered cities when those statutes on their face were limited to cities of a particular class. Instances of refusal to apply statutes to charter cities when the statute refers to cities of the first class are found in cases where the statute dictated the procedural steps necessary for the enactment of ordinances,[1] where statute provided for recovery of damages for injuries sustained by construction of an improvement by special benefit district,[2] where the statute imposed regulations upon improper smoke emission,[3] where the statute contained provisions dictating a form of ordinance title.[4]

The cited cases amply demonstrate that where a statute refers to a first class city, it has no application to a city operating under the charter form of goverment.

Plaintiff has raised in the argument portion of his brief, one further point which requires mention.

Plaintiff contends that legislative reenactment of Section 537.140 in the 1939 revision of statutes shows a legislative intent to include Kansas City within its terms, since only Kansas City and St. Louis were of sufficient size to come within the population limits set forth in the classification statute for first class cities at the time of reenactment. Section 72.010, R.S.Mo.1969.

This argument assumes that Kansas City is a city of the first class by reason of Section 72.010, R.S.Mo.1969. The classification statute referred to does not apply to any city, even of the requisite population, unless it has elected to conform to it. The plain language of the statute speaks for itself:

"All cities and towns in this state containing more than sixty-five thousand inhabitants *may elect* to become cities of the first class." (Emphasis supplied.)

Kansas City has not so elected. The point is without merit.

The judgment of the trial court is affirmed.

All concur.

---

1. City of Kansas City v. Zahner, 73 Mo. App. 396.

2. State ex rel. City of St. Louis v. Missouri Pacific Railway Co., 262 Mo. 720, 174 S.W. 73 (1914).

3. Ballentine v. Nester, 350 Mo. 58, 164 S.W.2d 378 (1942).

4. Komen v. The City of St. Louis, 316 Mo. 9, 289 S.W. 838 (1926).