Milton LOEFFLER, Plaintiff-Appellant,

v.

CITY OF KANSAS CITY, Missouri,
Defendant-Respondent.

No. KCD 28518.

Missouri Court of Appeals,
Kansas City District.

Oct. 11, 1977.

Charles C. Shafer, Jr., Kansas City, for plaintiff-appellant.

Aaron A. Wilson, City Atty., Carrol C. Kennett, Asst. City Atty., Kansas City, for defendant-respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Milton Loeffler appeals the refusal of the trial court to grant his petition in the nature of error coram nobis to set aside the dismissal of his action against the City of Kansas City.

On this appeal Loeffler contends the judgment should be set aside because of a mistake in fact as to the true provisions of the statute under which his action was brought. Reversed and remanded.

In 1970, Loeffler brought suit against the City for property damages as a result of riots in the City in April, 1968. His action was based upon §§ 537.130 and 537.140, RSMo 1969. The trial court dismissed the action because § 537.140, as contained in the Revised Statutes, limited liability to cities of the first and second class and Kansas City was a constitutional charter city. The

trial court's dismissal was affirmed by this court in *Loeffler v. Kansas City*, 485 S.W.2d 633 (Mo.App.1972).

In *Protection Mutual Insurance Company v. Kansas City*, 504 S.W.2d 127 (Mo.1974) the court considered another action based on §§ 537.130 and 537.140. In that case the City made the same defense, that liability was confined to cities of the first and second class, and Kansas City was a constitutional charter city. However, the court found § 537.140, as originally passed by the Legislature, did not apply to first and second class cities, but applied to all cities of over 25,000 population. The court found the mistake in wording occurred in the publication of the Revised Statutes in 1889. Since the Legislature had not changed the law, but the wording had apparently been changed by the revisor of statutes, the court held the original wording prevailed and liability for property damage resulting from riots existed as to Kansas City.

After the decision in *Protection Mutual Insurance Company, supra*, Loeffler filed a petition for a writ of error coram nobis to set aside the judgment which denied him recovery because Kansas City was a constitutional charter city and not a city of either the first or second class. The court refused and this appeal follows.

Loeffler contends on this appeal the judgment against him was based on a mistake of fact as to the true provision of § 537.140. The City contends any error was a mistake of law, but even if a mistake of fact, Loeffler is barred because he knew or should have known of the true wording of the statute when his original suit was brought.

■ The requirement for relief under a writ of error coram nobis is stated in *City of St. Louis v. Franklin Bank*, 351 Mo. 688, 706, 173 S.W.2d 837, 846[13–15] (banc 1943). The court there stated the writ lies for errors of fact that would make the judgment erroneous. The court stated:

The facts must be such as affect the *power and right* of the court to render the particular judgment—facts which, if known, would have *prevented* its rendition. In a sense they must be directed against what would have been either a want or abuse of jurisdiction—at least, not mere error—if the facts had been known to the court.

The City admits in its brief the court would not have entered the judgment against Loeffler had the true provisions of § 537.140 been brought to its attention. However, the City argues this amounts to a mistake of law as contrasted with a mistake of fact and relies upon *Veal v. Leimkuehler*, 267 S.W.2d 387 (Mo.App.1954). *Leimkuehler* recognized the requirement of the writ of error coram nobis but said in that case the question of whether or not a board of adjustment had the power to revoke a building permit was a mistake of law. That holding was correct since the question of whether or not the board had the power to revoke a permit called for a *construction* of the law as contrasted with whether or not the law as printed and relied upon by the parties accurately set forth the law as actually enacted by the legislative body.

■ The question presented in this case is the existence of the law and not its construction. Whether or not a law exists is a question of fact, and after the fact of its existence is established, then its construction is a question of law. *Walsh v. Public Service Company*, 92 N.H. 331, 30 A.2d 494, 496[2, 3] (1943). The question here involved the very existence of a statute and its true content, and not its construction. As the City concedes, had the court known the true wording of § 537.140, judgment against Loeffler would never have been entered. It was only the unauthorized change in that Section which led the court to enter its judgment against Loeffler. This was a mistake of fact upon which relief under error coram nobis may be granted.

The City next contends the true wording of § 537.140 was contained in the original roll of this Section in the Secretary of State's office and Loeffler is charged with constructive knowledge of the accurate wording. For this reason the City argues error coram nobis is not applicable because

the rule requires the fact as to which a mistake is made to be either unknown or not discoverable by the exercise of reasonable diligence at or before the trial. This court recognized this part of the rule in *Zahorsky v. Zahorsky*, 543 S.W.2d 258 (Mo. App.1976).

Section 3.090, RSMo 1969, requires the revisor of statutes to certify that all statutes printed in the Revised Statutes have been examined and compared and the same are true and correct copies thereof as passed and remaining in the office of the Secretary of State. This Section further provides the Revised Statutes shall be prima facie evidence of such statutes. Consistent with that provision, the court held in *Protection Mutual Insurance Company, supra*, the Revised Statutes are prima facie evidence of such statutes. The court earlier held in *Langston v. Canterbury*, 173 Mo. 122, 73 S.W. 151 (1903) the verity of the Revised Statutes could not be questioned except in the face of the original documents on file with the Secretary of State.

Section 3.010, RSMo 1969, requires Revised Statutes of Missouri to be printed every ten years. Section 3.080 requires the Secretary of State to deliver to the revisor of statutes the original rolls of all laws of a general nature to use in preparing the ten year editions of the Revised Statutes. The revisor is required to certify, by § 3.090, in each edition of the Revised Statutes that such statutes are true copies of the existing laws of the State.

Loeffler was required to use reasonable diligence to ascertain the law at the time he originally filed his suit. Reasonable diligence embraces such watchfulness, caution and foresight as under all the circumstances would be exercised by a careful and prudent man. *Sweeney v. Terminal R. Ass'n of St. Louis*, 110 S.W.2d 852, 854[4–7] (Mo.App.1937). In view of the standing which is accorded the Revised Statutes of Missouri, both by law and judicial precedent, it cannot be said that reliance on the laws as printed in the Revised Statutes is a failure to exercise reasonable diligence. This court holds Loeffler did not fail to exercise reasonable diligence to ascertain the law when he relied on § 537.140 as printed in the Revised Statutes for both 1959 and 1969.

Because of the mistake of fact as to the existence of a law imposing liability on the City, the court entered judgment against Loeffler. Now that the existence of a law under which liability may be imposed upon the City has been revealed, it is evident Loeffler is entitled to relief under his petition for writ of error coram nobis.

The City lastly contends Loeffler is not entitled to relief because § 537.140 was repealed by the General Assembly in 1975. This contention was fully considered and decided adverse to the City by this court in *Protection Mutual Insurance Company v. Kansas City*, 551 S.W.2d 909 (Mo.App.1977).

The judgment is reversed and the cause is remanded with directions to sustain Loeffler's petition for writ of error coram nobis and to set aside the judgment dismissing Loeffler's claim.

All concur.