**310**

Bridget DeGRAFFENREID, Appellant,

v.

Leo CURTWRIGHT and Eddie
Jordan, Respondents.

No. WD 33925.

Missouri Court of Appeals,
Western District.

May 17, 1983.

F. Joe DeLong, III, Jefferson City, for
appellant.

Robert J. Swift, Jefferson City, for re-
spondent Curtright.

John W. Inglish, Jefferson City, for re-
spondent Jordan.

Before TURNAGE, P.J., and PRITCH-
ARD and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff DeGraffenreid appeals from an
order denying her application for a writ of
error coram nobis. By her application for
the writ she sought to set aside an order of
the trial court dismissing her petition for
damages for personal injuries against re-
spondents Leo Curtright, superintendent of
Miller R–2 School District, and Eddie Jor-
dan, principal of the School of the Osage.
The School of the Osage is part of the
Miller R–2 School District. Plaintiff's al-
leged injuries occurred while she was at-
tending an industrial education class at the
School of the Osage, and she had alleged in
her petition that the negligence of the re-
spondents Curtwright and Jordan (along
with others) caused the injuries.

We affirm the trial court's denial of the
writ.

The writ of error coram nobis is-
sues to relieve against a judgment entered
by the court acting under a mistake of fact.
"It lies for error of fact not appearing on
the face of the record, which fact was un-
known to the court, and which, if it had
been known, would have prevented the ren-
dition and entry of the judgment." *Town-
send v. Boatmen's National Bank*, 148
S.W.2d 85, 87 (Mo.App.1941). See also *Veal
v. Leimkuehler*, 267 S.W.2d 387, 389 (Mo.
App.1954).

The mistaken "fact" relied upon by appel-
lant is the existence of the decision of the
Missouri Supreme Court in *Lehman v.
Wansing*, 624 S.W.2d 1, 3 (Mo. banc 1981),
which had held that a school superintendent
or a school principal could be held liable in
damages in his individual capacity for dam-

age resulting from breach of his or her personal duty to the plaintiff, and to that extent no sovereign immunity shielded them from the claims of the plaintiff.

*Lehman* was handed down on September 8, 1981. It appeared in the advance sheets of the Southwestern Reporter on January 12, 1982.

The dismissal of plaintiff's petition against Jordan was entered on January 14, 1982. We note that the court's judgment did not become final until February 13, during which he retained control of the judgment, Rule 75.01, and that an appeal might have been filed through February 23, Rule 81.04.

The dismissal of the petition against Curtright was entered on December 17, 1981 and became final on January 16, 1982. Rule 75.01. Appeal from that judgment might have been filed through January 26. Rule 81.04.

Respondents deny that the trial court's acquaintance with the *Lehman* decision, if he was in fact unacquainted with it at the time he dismissed plaintiff's petition, would have changed his ruling, but we do not need to reach that question.[1] The ground upon which we elect to base our decision is that the trial court's mistake, if he was under any mistaken belief, was one of law and not of fact. A court might in any case make a ruling in ignorance of the existence of an authoritative judicial decision—whether of recent or of remote date—but that does not make his mistake one of fact. It is a mistake of law. The writ of error does not lie to correct errors of law. *Veal v. Leimkuehler,* 267 S.W.2d at 389.

The case before us is unlike *Loeffler v. City of Kansas City,* 557 S.W.2d 656, 657 (Mo.App.1977), where Judge Turnage wrote that the *existence of a statutory provision,* mistakenly omitted from the printed statutes by the revisor of statutes, was a mistake of fact upon which a writ of error coram nobis could issue to set aside a judgment entered by the court in reliance upon

the correctness of the printed statute. It was noted in that case that the trial judge stated that his dismissal of plaintiff's action (the ruling attacked by the application for writ of error coram nobis) would not have been entered had he known the true text of the statute. It was held that the court and the parties should be able to rely upon the printed statutes published by the revisor. That case does not rule the one before us.

The judgment of the trial court denying the writ of error coram nobis is affirmed.

All concur.

---

1. *Lehman v. Wansing* does not as appellant contends "change the law," but rather applied principles established (or recognized) in *Spear-*

*man v. University City Public School District,* 617 S.W.2d 68 (Mo. banc 1981).