**Willie Mae WALKER, Appellant,**

v.

**DePAUL HOSPITAL, Respondent.**

**Nos. 48162, 48163.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1984.

James F. Koester, St. Louis, for appellant.

Joseph H. Mueller, St. Louis, for respondent.

CRANDALL, Judge.

Plaintiff appeals from an order denying her motion to set aside the dismissal of her cause of action and denying the request for a writ of error coram nobis. Plaintiff claims that because a case was pending before the Missouri Supreme Court which involved a legal issue also involved in plaintiff's claim when her claim was dismissed, (1) there was an irregularity in the dismissal of her petition which warranted the setting aside of the judgment under Rule 74.-32; and (2) there was a mistake of fact which would have prevented the judgment of the trial court, and thus the court should have granted a writ of error coram nobis. We affirm.

Plaintiff Willie Mae Walker filed a petition on July 12, 1979, alleging her unborn child was caused to die while Willie Mae was hospitalized in February of 1978. That petition sought damages for the wrongful death of her unborn child. On December 15, 1979, plaintiff filed an amended petition alleging willful, wanton, intentional and malicious conduct on the part of the defendant. On January 7, 1980, defendant filed an answer to the amended petition. On January 26, 1982, defendant filed a motion to dismiss the amended petition on the ground that a wrongful death action may not be maintained for the death of an unborn child. That motion was overruled on March 22, 1982. On March 31, 1982, defendant filed a motion for judgment on the pleadings.

On April 16, 1982, plaintiff filed a second amended petition adding two new counts alleging her child was born alive and was caused to die. On May 17, 1982, defendant filed a motion to dismiss all four counts of plaintiff's second amended petition. On June 2, 1982, the court dismissed the first two counts of the second amended petition and on August 25, 1982, dismissed the other two counts. The judgment, therefore, became final on September 24, 1982.

On August 16, 1983, the Missouri Supreme Court handed down its decision in *O'Grady v. Brown*, 654 S.W.2d 904 (Mo. banc 1983), where the court held that a viable fetus is a person for purposes of the wrongful death statute. § 537.080, RSMo (Supp.1983). This decision changed the law on this issue, set out earlier in *State ex rel. Hardin v. Sanders*, 538 S.W.2d 336 (Mo. banc 1976) and *Olejniczak v. Whitten*, 605 S.W.2d 142 (Mo.App.1980), which held a fetus was not a person under the wrongful death statute.

On September 2, 1983, plaintiff filed a motion to set aside the judgment dismissing her cause of action under Rule 74.32, or in the alternative for a writ of error coram nobis. On December 20, 1983, the trial court again sustained the defendant's motion to dismiss and by implication overruled the plaintiff's motion.

Plaintiff first claims the trial court erred in failing to set aside the judgment dismissing the cause of action because an "irregularity" existed under Rule 74.32. Rule 74.-32 states: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the rendition thereof."

■ This rule "provides only a very narrow remedy. The judgment may be set aside for an irregularity under Rule 74.32 only if there was a procedural error patent on the face of the record." *State ex rel. Brooks Erection & Construction Co. v. Gaertner*, 639 S.W.2d 848, 850 (Mo.App. 1982). "An irregularity within the meaning of Rule 74.32 ... has been defined as the failure to adhere to some prescribed rule or mode of proceeding.... Such an irregularity consists either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it at an unseasonable time or an improper manner." *Pikey v. Pikey*, 605 S.W.2d 215, 217 (Mo.App.1980).

■ Plaintiff claims the motion to dismiss in the present case was sustained at an "unseasonable time," because the *O'Grady* case was pending before the Missouri Supreme Court.

We cannot accept plaintiff's argument that an irregularity existed in the trial court proceeding. Plaintiff does not cite a case, and our own research has found no case, supporting the claim that because a higher court has a case pending which might change the applicable law to the case at bar, and the trial court dismisses the claim, that such action constitutes an irregularity. We also note that nothing in the record indicates plaintiff requested a stay of the trial court proceedings.

■ Plaintiff also claims there was an irregularity in that the dismissal of the claim came prior to a hearing on the merits. Plaintiff cites the rule that "rendition of a premature judgment is an irregularity and may be set aside." *Glick v. Glick*, 372 S.W.2d 912, 915 (Mo.1963). *Glick*, and a case cited by plaintiff, *Chenoweth v. La Master*, 342 S.W.2d 500 (Mo.App.1961), cannot be used to support plaintiff's argument. *Glick* dealt with a claim that a judgment was premature in that it failed to dispose of all the issues in the case. *Chenoweth* dealt with a judgment against a garnishee which failed to find the amount due from the garnishee. Plaintiff cites no case stating that sustaining a motion to dismiss prior to a hearing on the merits is a premature judgment. Such a rule would defeat the entire purpose of a motion to dismiss. "A motion to dismiss is the proper procedural tool to challenge a petition and to obtain a decision as to whether it alleges sufficient facts to constitute a cause of action...." *Morgan v. Morgan*, 555 S.W.2d 378, 380 (Mo.App.1977).

Plaintiff's second point claims trial court error in failing to grant a writ of error coram nobis because the *O'Grady* case changed the law affecting plaintiff's cause of action.

 "The writ of error coram nobis issues to relieve against a judgment entered by the court acting under a mistake of fact. 'It lies for error of fact not operating on the face of the record, which fact was unknown to the court, and which, if it had been known, would have prevented the rendition and entry of the judgment.'" *DeGraffenreid v. Curtwright*, 652 S.W.2d 310, 310 (Mo.App.1983), *citing Townsend v. Boatmen's National Bank*, 148 S.W.2d 85, 87 (Mo.App.1941).

The error of fact alleged by plaintiff was that the *O'Grady* case was pending before the Missouri Supreme Court at the time the plaintiff's petition was dismissed. Plaintiff cites no case in her initial brief which can support such a claim.

Defendant cites two cases which merit discussion. In *DeGraffenreid*, 652 S.W.2d 310, the court was faced with the dismissal of a plaintiff's petition several months after a Missouri Supreme Court decision was handed down which plaintiff claimed would have had a bearing on the cause of action. The opinion did not appear in the advance sheets until about a month after dismissal of the claim against one defendant and two days before dismissal of the claim against a second defendant. The court in holding that "the trial court's mistake, if he was under any mistaken belief, was one of law and not of fact" stated: "A court might in any case make a ruling in ignorance of the existence of an authoritative judicial decision—whether of recent or remote date—but that does not make his mistake one of fact. It is a mistake of law. The writ of error does not lie to correct errors of law." *DeGraffenreid*, 652 S.W.2d at 311.

The *DeGraffenreid* court distinguished its decision from *Loeffler v. City of Kansas City*, 557 S.W.2d 656 (Mo.App.1977), where the court held that the existence of a statutory provision, mistakenly omitted from the printed statutes by the revisor of statutes, was a mistake of fact upon which a writ of error coram nobis could issue. The court in *Loeffler* stated: "Whether or not a law exists is a question of fact, and after the fact of its existence is established, then its construction is a question of law." *Id.* at 657.

 In the present case, there is no mistake of law or of fact. The trial court held no mistaken belief about what law existed at the time the petition was dismissed. The fact a case was pending before the supreme court was not a fact which required the trial court to act any differently than it did. This is especially true here where the record does not show plaintiff requested of the court that it stay the proceedings until the supreme court ruled. "A writ of error coram nobis does not lie if the fact now alleged as grounds for the writ was known to the complaining party at the time of the judgment, or might have been known by the exercise of reasonable diligence." *Defford v. Zurheide-Hermann, Inc.*, 536 S.W.2d 804, 810 (Mo.App. 1976). We need not decide whether plaintiff met this standard in order to preserve the right to use the writ of error coram nobis, because of our previous discussion.

The plaintiff could have appealed from the dismissal of the petition in order to ask for a new interpretation of the wrongful death statute. No timely appeal was taken.

The order of the trial court denying the motion to set aside its original judgment and denying the request for a writ of error coram nobis is affirmed.

DOWD, P.J., and CRIST, J., concur.